[424] SMITH AND JANES VS. GERLACH AND LEVENHAGEN —
Writ of Error from Harris County.

A writ of error can only issue at the instance of a party to the suit; or of one whose privity of estate, title or interest appears from the record; or at the instance of the representative of such party

This suit was instituted for the recovery of the amount due upon a promissory note, executed by Gerlach and Levenhagen to Elisha Floyd, and indorsed by Floyd to Smith and Janes. It is in the following words:

"HOUSTON, August 28, 1838.

"On the first day of January, one thousand eight hundred

and forty, we promise to pay Elisha Floyd, or order, the sum of five thousand and seventy dollars, value received.

(Signed)    "FERDINAND GERLACH,<br>
"HENRY LEVENHAGEN."

At the trial a jury was waived, and judgment rendered by the court in favor of the plaintiff for the amount of the note and interest. A few days afterwards the testimony of a witness was received, the object of which was to show that the note, by the agreement of the parties, was payable in the promissory notes of the government, which were worth only fifty cents on the dollar when the debt became due. The judge then vacated the judgment which he had previously given and gave another in favor of the plaintiffs for one-half the amount of the former one. Exceptions were filed, and notice of appeal given. The bill of exceptions is as follows: "This cause was regularly called on the docket, and judgment [425] rendered for the amount of the note and interest, with permission for the defendants to show when Mr. P. C. Jack should come, if they could by his testimony, that the note was to have been discharged in Texas promissory notes. On this, the last day of the term, Mr. Jack came, and made the statement hereby referred to, marked A, as the statement of facts in this case, upon which the court reduced the amount of judgment to one-half of the amount of the note and damages. The plaintiffs by their counsel, E. Wynns, excepted, etc.

The appeal prayed not having been prosecuted, Floyd, the indorser of the note, sued out this writ of error; and to show his interest in the matter, he filed with his petition praying for the writ, an agreement entered into between himself and the plaintiffs, Smith and Janes, in which it was stipulated that they would use all reasonable exertions to collect the amount of the note from the defendants in "good money," and in which event they were to retain for themselves three thousand dollars and interest, and the residue was to be paid to him, Floyd; but if the note could only be collected in Texas promissory notes, they, the plaintiffs, were to retain the whole amount collected. He alleged there was error in giving judgment for only half the amount of the note by which he lost his residuum.

*Webb* and *Megginson*, for plaintiffs in error.
*J. W. Henderson*, for defendants in error.

Mr. Justice WHEELER delivered the opinion of the court.

Suit was brought by the plaintiffs as indorsees of Elisha Floyd, upon the promissory note of the defendants, for the payment to him, Floyd, of five thousand and seventy dollars.

Judgment was rendered for the plaintiffs for only half the amount expressed in the face of the note, that being the [426] alleged value of the nominal amount of the note in the promissory notes of the government. The plaintiffs excepted to the opinion of the court, and the defendants appealed, but neither party took any further steps to bring up the cause for revision.

Subsequently Floyd, the payee and assignor of the plaintiffs, prosecuted in his own name this writ of error, and now asks a reversal of the judgment. The plaintiffs insist that there is no error in the judgment; but submit for our decision a preliminary question as to the right of Floyd to maintain this writ of error.

Floyd, the only party seeking to disturb the judgment, was no party to the suit in the court below; nor does he appear from the record to have had any interest or privity with the parties in interest in that court. "No person can bring a writ of error to reverse a judgment who was not party or privy to the record, or who was not injured by the judgment, and therefore to receive advantage by the reversal thereof." 1 Tom. L. D. 649, cites 1 Roll. Abr. 747; and see 8 Cow. 338; 4 Mass. 611.

As recognized by our laws, it is believed that this writ can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the court below, or who may be the legal representative of such party. That the writ of error in our practice is but another mode of appeal, see Cheek & Collins v. Rogers, 1 Tex. 440, decided at the last term. Such is not the case of the party prosecuting this writ of error.

His petition for the writ of error does indeed allege that he

is interested in the judgment, and exhibits what purports to be an agreement signed by the plaintiffs, stipulating that in case the debt could be collected in "good money," they were to retain three thousand dollars and interest thereon, and pay over to Floyd the residue; and that every reasonable exertion should be made to collect good money. [427] But this is a mere *ex parte* representation, made to the judge on the application for the writ of error. Neither party to the record was afforded an opportunity in the court below to controvert the allegations of the petition for this writ, and cannot do so here, for the plain reason that we have no jurisdiction to try the issue.

The consequence of maintaining this proceeding would be that any person may bring a writ of error to reverse any judgment, though a stranger to the record and wholly without interest. It will be only necessary that in his petition for the writ he aver an interest.

All the parties to the record in the case before us, both plaintiffs and defendants, rest satisfied with the judgment. Floyd, who alone prosecutes this writ of error, is not the representative of either party; had no apparent interest in the cause; and does not prosecute the writ in the name of either party to the record, but in his own name, and appears to have proceeded and still to be wholly without authority from either party to disturb the judgment of the court below. 2 A. K. Marsh. 118; 3 Bibb, 433; 1 Stew. & P. 253; 2 id. 24; 1 Port. 77; Minor, 285; 11 Mass. 379.

This writ of error must, therefore, be dismissed.

---

[428] John G. Legg vs. Angus McNeill and J. R. Boyce — Appeal from Colorado County.

In a suit in chancery all persons who have a direct interest in the subject matter in controversy can be made parties, either as complainants or defendants, and each may set up his own interest in opposition to the others, and claim a decree disposing of such interest. [21 Tex. 501.]

In our system of jurisprudence, where the courts have both law and equity.