## YOUNG v. POLING et al.
### No. 5327.

Court of Civil Appeals of Texas. Amarillo.
Sept. 22, 1941.

Rehearing Denied Oct. 13, 1941.

W. T. Brothers, of Amarillo, for appellant.

Adkins, Pipkin, Madden & Keffer, of Amarillo, for appellees.

JACKSON, Chief Justice.

E. S. Poling died on December 24, 1928, leaving a last will and testament that he had executed on October 10, 1928 and which was duly probated in the County Court of Potter County on March 9, 1929.

At the time of his death he owned real estate in his own separate right consisting of Sections Nos. 22, 24, 26 and the east half of Section 12 in Block Y-2, Carson County, Texas. He also owned with his wife, Daisy L. Poling, as their community property Section 27 in said block and county. In his will he named his brother, J. M. Poling, as independent executor and his wife, Daisy L. Poling, as independent executrix of such will with power to manage, sell, convey and dispose of his estate expressly including the right to encumber and the authority to execute, change or modify any oil or gas leases existing on his estate at the time of his death.

He bequeathed and devised his entire estate, real, personal and mixed, to his wife, Daisy L. Poling, and his seven children, L. W. Poling, E. B. Poling, Fred D. Poling, Lydia Poling Johnson, Daisy Lee Poling, Randall Felton Poling and Bill Poling, share and share alike. He requested his executor and executrix to consult freely in the management of the property with L. W. Poling and E. B. Poling, two of his sons. He directed that in due season when in the judgment of his executor and executrix the value thereof would not be impaired, to distribute his estate either in value or in kind among the devisees named in the will, as therein provided.

On January 16, 1926 E. S. Poling entered into a contract reading as follows:

"Received from Mr. & Mrs. D. M. Young, at Amarillo, Texas, $500.00 cash * * * the receipt of which is hereby acknowledged, * * * in full payment of an undivided 25/1536 (obviously intend-

ed 5/1536) interest in and to an undivided 1/16 interest in and to all the oil, gas and mineral rights in and to the hereinafter described property, at the rate of $100.00 for each 1/1536 interest above, but this does not in any respect transfer or agree to transfer or affect any rentals or renewals, nor the right to say anything as to the leasing for oil, gas or any other minerals of any kind, but the said E. S. Poling retaining all rights of every nature to lease, contract, renew or do anything affecting the oil, gas or mineral rights in and to the hereinafter described property, and all this agreement covers is a transfer of an undivided interest, as hereinabove mentioned, in and to an undivided 1/16 interest in and to all the oil, gas and other minerals that are produced and removed from said lands. All the interest herein stated being in and to the following described lands, to-wit:

"Section Numbers 22, 24, 26, 27 and the East Half of Section Number 12, all in Block Y-2, Carson County, Texas."

The contract obligates E. S. Poling to execute and deliver within thirty days a deed for the full amount of the interest mentioned but this deed was never executed nor delivered.

On April 24, 1940 D. M. Young instituted this suit against J. M. Poling and Daisy L. Poling, individually and as independent executor and executrix of the estate of the testator, E. S. Poling, to cancel said contract, refund the $500 he had paid, or, in the alternative, to compel an accounting for his interest by J. M. Poling and Daisy L. Poling, individually and as executor and executrix of the estate.

J. M. Poling and Daisy L. Poling filed their plea of non-joinder of parties in which they allege the death of E. S. Poling, the date thereof, the execution and probation of his will, the qualification of the executor and executrix; that the will bequeathed all of the property of the testator to his wife and children who are the parties named above as devisees in the will; alleged the residence of each of the devisees and pleaded that each of them now owns the interest in the property acquired under and by virtue of the terms of the will and that none of the legatees or devisees other than the defendant Daisy L. Poling appear in plaintiff's petition as a party to this suit.

It is admitted that the executor and executrix qualified and began to and still are administering the estate; that the property has not been distributed, none sold or disposed of by the executor and executrix and that Daisy L. Poling and the children named as devisees in the will are living and that no sale has been made by any of them individually of any of the property bequeathed in the will.

The court sustained the defendants' plea of non-joinder; the plaintiff refused to amend and the case was dismissed, from which action of the court this appeal is prosecuted.

If the contract held by appellant and upon which his suit is based transferred to him and his wife an interest in land the heirs of E. S. Poling, deceased, the devisees in his will were necessary parties.

■ Article 1982, Vernon's Annotated Texas Civil Statutes, is as follows: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

This statute is mandatory. Jones v. Gibbs et al., 133 Tex. 645, 130 S.W.2d 274.

The appellant challenges as error the action of the court in sustaining the plea of non-joinder of parties for the reason that the written instrument upon which this suit is predicated did not and does not convey to D. M. Young and his wife land or any interest in real estate and the heirs or devisees were not necessary parties to the suit.

In Sheffield, Tax Collector (State, Intervener) v. Hogg et al., 124 Tex. 290, 77 S.W.2d 1021, at page 1024, 80 S.W.2d 741, the Supreme Court, speaking through the eminent Justice Greenwood, says: "It logically can make no difference, * * * whether the oil is retained by the lessor as oil and gas, readily convertible into cash on the market, or whether the lessee is given a power to sell all of the oil and gas, always accounting for a fixed royalty portion to the lessor. Sound principle, supported by the highest authority, goes further and compels us to accede to the proposition that dealing with oil and gas or dealing with solids in place, * * * the lessor owning the entire fee-simple title to the land, and his assigns, who have been careful to secure to themselves, their heirs or assigns * * * the right to a portion of the proceeds or profits derived from the lessee's or his assigns' authorized sale of the minerals, throughout the

duration of a determinable fee, which may be perpetual, have and own a fee-simple interest in land, or at least have a right belonging or appertaining to the horizontal strata of the land in which the minerals are embedded."

In Tennant v. Dunn et al., 130 Tex. 285, 110 S.W.2d 53, at page 57, the Supreme Court, speaking through Commissioner Smedley, says: "The gist of the opinion in Sheffield v. Hogg is that oil and gas royalties, whether payable in kind or in money, and whether arising from the ordinary lease of land in which the lessor owns the minerals, or from a lease made under the Relinquishment Act, should be adjudged to be present interests in land rather than mere rights in personalty at some uncertain date, because they are profits arising out of land, and, further, because such classification, which accords with the practice in the oil and gas industry, furnishes a stability highly important, if not essential, to the structure of that business. For the same reasons, the right created by the assignment to Mrs. Dunn should be classified as an interest in land."

We consider it unnecessary to quote further from the authorities but the holdings in these two opinions with the authorities cited therein are, we believe, conclusive against appellant's contention.

The heirs and devisees of E. S. Poling, deceased, were necessary parties to this action and the court correctly sustained appellees' plea of non-joinder of parties and his judgment is affirmed.