Carl Anthony GROHN et al., Appellants,

v.

Fritz MARQUARDT, Appellee.

No. 15047.

Court of Civil Appeals of Texas,
San Antonio.

July 19, 1972.

Rehearing Denied Nov. 22, 1972.

Guy P. Allison, Schweppe, Schweppe & Allison, S. Benton Davies, Jr., San Antonio, for appellants.

Gordon L. Hollon, Edward G. Marion, Boerne, for appellee.

CADENA, Justice.

Appellants, Carl Anthony Grohn and his brother, Lawrence Owen Grohn, seek review by way of writ of error (Rules 358–363, Texas Rules of Civil Procedure) of a judgment setting aside, on the grounds of fraud and undue influence, a deed executed by plaintiff, Fritz Marquardt, conveying a tract of land known as the Marquardt Ranch to appellants' parents, A. C. Grohn, deceased, and his wife, Adie Izola Grohn. Appellants were not named as parties to the suit. They filed no pleadings and did not participate in the trial.

The sole defendant named in plaintiff's petition was the mother of defendants, Mrs. Grohn, who was sued in her individual capacity, as alleged owner of the fee simple interest in the land, and as the independent executor of the will of her dead husband. She perfected an appeal from the judgment cancelling the instrument, but the appeal was abandoned.

Appellants' interest in the land arises under the will of Mr. Grohn. This instrument, which was the joint will of Mr. and Mrs. Grohn, gave to the survivor a life interest in the joint estate of the parties, with the power ". . . to sell and dispose of part or all . . ." of such estate ". . . should the survivor deem such action proper." The will then provided that "[a]ny estate remaining after the death of the survivor, . . . shall pass and vest in our sons, Carl Anthony Grohn and Lawrence Owen Grohn, . . ." the appellants.

■ The creation of a general power of appointment in the donee of a life estate does not have the effect of enlarging the life estate into a fee simple. Edds v. Mitchell, Admr., 143 Tex. 307, 184 S.W.2d 823 (1945). The will, therefore, gave to appellants a remainder in the estate of their father, including his interest in the Marquardt Ranch. There is language in the Texas cases to the effect that the interest of the appellants is of the type commonly referred to as contingent remainders. Cammack v. George, 377 S.W.2d 687, 689 (Tex.Civ.App.—Beaumont 1964, writ ref'd, n. r. e.). But this Court has held that a remainder, although it is subject to the power of the life tenant to dispose of the property in fee, is a vested remainder, subject to divestment by the exercise of the power of appointment. Reilly v. Huff, 335 S.W.2d 275 (Tex.Civ.App. 1960, no writ). We adhere to our holding in *Reilly*, which is supported by the decision of our Supreme Court in Caples v. Ward, 107 Tex. 341, 179 S.W. 856 (1915), and by the weight of authority. 1 Simes & Smith, Law of Future Interests (2d ed. 1956) Sec. 150; Anno., 131 A.L.R. 712 (1941); Note, Univ. of Pa.L.Rev. 420 (1958).

■ The general rule is that the remedy of appeal, whether in the usual form or by

writ of error, is available only to persons who are parties to the litigation which resulted in the entry of the challenged judgment. Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.1965); Smith and Janes v. Gerlach, 2 Tex. 424 (1838). We must, therefore, determine whether appellants, who were not parties to the suit, who did not participate in the trial, and who are not named in the judgment, may seek appellate review of the judgment, under one of the exceptions to the general rule. These exceptions are discussed in *Gunn*, 391 S.W.2d at 725, and in Industrial Generating Co. v. Jenkins, 410 S.W.2d 658, 660 (Tex.Civ. App.—Austin 1967, no writ).

It appears that the cases in which a non-party was allowed to appeal rest upon the doctrine of representation. This doctrine reflects the effort of courts to strike a balance between two competing aims of our system of justice. On the one hand, we have the fundamental notion that the owner of an interest in property is not bound by a judicial determination concerning that property which is made in a proceeding to which such owner is not a party. But there is another important consideration which runs counter to the general desirability of holding that an individual who is not a party to a judicial proceeding is unaffected by the judgment entered in that case. It is important to the administration of justice that certain controversies be settled without delay. As the importance of final settlement increases, there is a corresponding pressure to find a method by which a judicial determination can be made binding on everyone having an interest in the subject matter of the litigation, including non-parties to the proceeding. The basic idea which underlies the doctrine of representation is simply that sometimes a person is bound by the judgment in a proceeding to which he is not a party because, in that proceeding, he is regarded as being "represented" by an individual who is a party.

In Robertson v. Blackwell Zinc Co., Inc., 390 S.W.2d 472 (Tex.1965), it was held that a member of the "class" which is before the court in a class action may appeal, although he was not a party to the litigation. In Specia v. Specia, 292 S.W.2d 818 (Tex. Civ.App.—San Antonio 1956, writ ref'd, n. r. e.), a beneficiary under a will, who was not a party to a will contest, was allowed to challenge, by writ of error, a judgment setting aside the will. In both of these cases, the status of the party of record as "representative" of the non-party rests on the provisions of a court rule or statute. The representative capacity of those named as parties in a class action rests, as the Supreme Court made clear in *Robertson*, on Rule 42, T.R.C.P. The power of an executor or administrator to represent the beneficiaries of the will in a will contest is based on the judicial interpretation of Articles 3422–35, Tex.Rev.Civ.Stat.Ann. (1949), which are now embodied in Secs. 11, 15 and 33 of the Texas Probate Code. See Kramer v. Sommers, 93 S.W.2d 460 (Tex.Civ.App.—Fort Worth 1936, writ dism'd).

Mason v. Mason, 366 S.W.2d 552 (Tex. 1963), held that a suit to cancel an instrument creating a trust may be brought against the trustee alone, without joining the beneficiaries of the trust. While the case does not involve the right of a nonparty to appeal, the holding is expressly based on the doctrine of representation. The Supreme Court of Texas reasoned that the beneficiaries need not be joined because a trustee is empowered to defend the trust and all interested parties. This argument is supported by reference to 3 Bogert, Trusts and Trustees (1946), Sec. 593.[1]

1. Since the trust was created by will, and since the suit was actually a judgment to set aside the will, the Supreme Court could have relied on Specia v. Specia, supra, where it was held that, in a will contest, a judgment rendered against the executor is binding on the beneficiaries under the will.

The case before us is not a class action. It is not a will contest. It is not a suit to set aside a trust. The question is, then, whether appellants, as remaindermen under the provisions of the will of their deceased father, can be held to have been represented by their mother, the executrix of such will, and the holder of the life estate preceding the remainder, in a suit seeking to cancel the deed conveying the land to which their interest as remaindermen attaches to their father and mother.

It is clear that, in any case in which the doctrine of representation is held to be applicable, the "represented" individual is bound by a judgment rendered in a case to which he is not party. When a non-party is allowed to challenge a judgment, the decision to allow him the right to appeal is grounded on the fact that, because of the doctrine of representation, he is bound by the judgment. We must, therefore, determine whether appellants, as remaindermen, are bound by the judgment rendered in a case in which the only defendant was their mother in her capacity as holder of an interest in the land under the deed, as executrix under the will creating the remainder, and as life tenant under such will.

■ Our statutes make a clear distinction between a suit filed by an executor or administrator, where title to land is involved, and actions filed against such persons as representatives of the estate of a decedent. Where the estate, acting through the executor or administrator, sues for title or possession of land, the action "shall be instituted by the" executor or administrator, and the judgment in such case is conclusive of the rights of all claimants of interests in the land in the absence of fraud or collusive conduct on the part of the executor or administrator. Article 1981, Vernon's Annotated Civil Statutes. But where a suit involving title to land is filed against the estate of a decedent, the heirs, as well as the administrator or executor, must be made parties. Article 1982, V.A.C.S. Article 1982, which requires joinder of the heirs, is mandatory. Jones, Admin. v. Gibbs, 133 Tex. 645, 130 S.W.2d 274 (1939). Although the statute requires the joinder of "heirs," the term "heirs" includes devisees. Young v. Poling, 154 S. W.2d 686 (Tex.Civ.App.—Amarillo 1941, writ ref'd). Under the holdings in *Jones* and *Young*, the case before us is a suit "involving the title to real estate" within the meaning of Article 1982.

■ Prior to the enactment of Article 1982, in suits against the estate of a decedent, the heirs were not necessary parties, and a judgment rendered against the executor or administrator in such a case was binding on the non-party heirs. Lawson v. Kelley, 82 Tex. 457, 17 S.W. 717 (1891). The authority of *Lawson* is, of course, totally undermined by Article 1982. In view of the provisions of Article 1982, it is clear that, in this case, appellants' mother did not, merely because of her status, as executrix of the will of her deceased husband, represent appellants, the "heirs" under such will, in the suit to set aside the deed conveying the land to her and her deceased husband. Appellants, therefore, are not bound by the judgment setting aside such deed merely because the personal representative of the estate was made a party to the suit seeking cancellation of the deed.

■ We must next determine whether appellants, as remaindermen, are bound by the judgment rendered against their mother because she is the holder of the preceding freehold estate. Stated differently, the question which we now consider is whether the holder of a life estate in land "represents" the holders of future interests which will become possessory only upon the termination of the life estate. Apparently, there are no Texas cases to guide us in our determination of this question.

The Restatement of the Law of Property recognizes three situations in which the holder of a future interest who is alive at the time of the commencement of a judicial proceeding, as were appellants, can be

bound by a judgment entered in such proceeding even though he was not made a party to such proceeding. Restatement, Property (1936), Sec. 180. The living holder of a future interest is bound by the outcome of judicial proceedings only if the proceeding is of the type which is binding on the thing itself, or if the proceeding is one which, because of statutory provisions, binds the holder of such future interest without either joinder or "representation" of such holder, or if the holder of the future interest is "duly represented" in such proceedings. We need here concern ourselves only with the question of whether appellants were "duly represented" in the proceedings in which the challenged judgment was entered.

According to Sec. 181 of the Restatement, the owner of a future interest who is alive at the time of the commencement of a judicial proceeding is "duly represented" in such proceeding only when all four of the following requirements are satisfied: (1) The future interest was created by a limitation in specific words to the "heirs" or "next of kin" of a living person, or to the surviving spouse of a living person, or by a limitation similarly "indefinite as to person." (2) At the time of the commencement of the judicial proceeding, such person, although living, was not a "presumptive taker" under such limitation. (3) At the time of the commencement of the proceeding, at least one of the then presumptive takers under such limitation was duly joined as a party in such proceeding. (4) It does not affirmatively appear that the presumptive taker, joined in the proceedings, acted in hostility to the interest of the person claimed to have been represented by him. In connection with the fourth requirement, Sec. 181 must be read in connection with Section 185.

The rule announced in Sec. 181 is supported by the decisions in the relevant cases. 2 Powell, Real Property (1971), Sec. 295, p. 566.

It is clear that the limitation creating the future interest which appellants here claim is not "indefinite as to person." The limitation is to living, ascertained persons. Appellants are "presumptive takers" under the limitation. None of the "presumptive takers" under the limitation creating the future interest was "duly joined as a party" in a suit to cancel the deed. Therefore, three of the four requirements for holding that the owner of a future interest is duly represented in a judicial proceeding are not satisfied, and, under Sec. 181, appellants were not "duly represented" in the proceedings which culminated in the judgment which they here seek to challenge. Since they are not bound by such judgment, they have no right to seek judicial review of it. Since no trust is involved in this case, Sec. 182, which embodies the rule announced in Mason v. Mason, supra, is not applicable. Since this is not a suit contesting a will, Specia v. Specia, supra, is inapplicable. This is not a class action and therefore, Rule 42, supra, does not make the judgment binding on appellants.

Since appellants were not duly represented in the litigation in which the challenged judgment was entered, they are not bound by such judgment. Therefore, they have no right to seek appellate review of such judgment.

The appeal is dismissed.