Paul H. HUBBARD, Receiver in
Bankruptcy for Jack Riley, d/b/a
Webb's City Drug, Petitioner,

v.

Jeffrey L. LAGOW, Assignee of Temple
National Bank, Respondent.

No. 12588.

Court of Civil Appeals of Texas,
Austin.

Nov. 30, 1977.

Rehearing Denied Dec. 21, 1977.

Paul H. Hubbard, Sue Stepp, Naman, Howell, Smith, Lee & Muldrow, Waco, for petitioner.

James L. Carroll, Gerald M. Brown, Carroll, Carroll & Brown, Temple, for respondent.

O'QUINN, Justice.

Paul H. Hubbard, receiver appointed in the United States District Court at Waco for John (Jack) Riley, doing business as Webb's City Drug in Temple, filed petition for writ of error in district court of Bell County, seeking to remove to this Court for revision and correction a default judgment of the state district court against Riley in the sum of $27,758.07.

Both parties have filed briefs, and the cause has been submitted upon oral argument. Respondent Jeffrey L. Lagow by counterpoint contends Hubbard failed to show entitlement to appeal.

The threshold question in this Court is whether Hubbard as receiver in bankruptcy proceedings has available to him the remedy of revision by writ of error, since Hubbard was not a party of record in district court of Bell County when judgment against Riley was entered.

█ It is settled that in general the remedy by appeal in the usual form, or by writ of error, is available only to persons who were parties to the litigation which resulted in entry of the challenged judgment. *Gunn*

*v. Cavanaugh,* 391 S.W.2d 723 (Tex.Sup. 1965); *Grohn v. Marquardt,* 487 S.W.2d 214, 216 (Tex.Civ.App. San Antonio 1972, writ ref'd n.r.e.). The Supreme Court in *Cavanaugh* recognized certain exceptions to the rule.

Hubbard seeks to avail himself of the exception there stated that a person who is a party under the "doctrine of virtual representation" within provisions of Rule 42, Texas Rules of Civil Procedure, may appeal under the holding of *Robertson v. Blackwell Zinc Company,* 390 S.W.2d 472 (Tex.Sup. 1965).

Cases usually arising under this doctrine are class actions under provisions of Rule 42. See *Ambassador Oil Corp. v. Robertson,* 384 S.W.2d 752 (Tex.Civ.App. Austin 1964, writ ref'd n.r.e., 390 S.W.2d 472). Other cases in which the doctrine was applied are reviewed in *Gunn v. Cavanaugh, supra; Grohn v. Marquardt, supra,* 487 S.W.2d 216–217; *Industrial Generating Co. v. Jenkins,* 410 S.W.2d 658, 660–661 (Tex. Civ.App. Austin 1966, no writ); and in *Mills v. Howell,* 416 S.W.2d 453, 455 (Tex.Civ. App. Austin 1967, no writ). The case here under review is not a class action, nor a will contest, nor a suit to set aside a trust, nor is it in any manner a probate appeal.

Hubbard contends that writ of error is available to him because as receiver in bankruptcy he ". . . has in all things succeeded to the interests of . . ." Riley, the bankrupt who was defendant in the state district court which entered the judgment being challenged.

The suit in state court was brought in April of 1976 by Temple National Bank on a promissory note in the principal amount of $33,750.96 against Riley, doing business as Webb's City Drug. The bank alleged Riley had given the bank security interests in all his inventory, accounts receivable, business equipment, and fixtures. Because the owner of the building Riley's business occupied had instituted a forcible detainer action, the bank sought to restrain Riley from disposing of, wasting or removing any of the secured assets. The bank assigned to Jeffrey L. Lagow all its rights to the note,

security agreements and financing statements executed by Riley, as well as its pending course of action against Riley.

Meanwhile Riley had been served with process, including copy of the trial court's restraining order and notice of hearing to show cause why temporary injunction should not be granted. Riley failed to answer in the cause or make other appearance, and default judgment against Riley was taken late in May of 1976. The court also ordered that all security interests held by Lagow be foreclosed and the goods and chattels secured be delivered to Lagow. At public sale the assets sold to the highest bidder at $31,500.00, a sum in excess of the judgment. Notice of the sale was sent to Riley, Parke Davis and Company, and Southwestern Drug Corporation, the latter two apparently creditors of Riley's drug store, and notice of the public sale was published in a local newspaper prior to the sale.

Riley filed his petition in bankruptcy, and in June of 1976, upon application of Southwestern Drug Corporation for appointment of a receiver for the assets of the debtor, the court appointed Hubbard receiver. Shortly before expiration of six months next succeeding entry of the judgment in state district court Hubbard filed his application for writ of error to this Court seeking revision of the state court judgment.

■ Of paramount importance in determining applicability of the doctrine of virtual representation is the identity of interests. *Industrial Generating Co. v. Jenkins, supra.* Hubbard contends that his interest as receiver in the bankruptcy proceedings is identical with that of Riley as defendant in the bank's original suit on the promissory note secured by assets of the drug store.

■ It is obvious that the interests of Riley and the receiver in bankruptcy are not identical. "The entire object of the receivership," Collier states, "is to preserve the status quo and assure that the assets are protected until the officer who is in charge under the law to liquidate them (that is, the trustee) assumes possession and

control of the assets of the estate." Collier on Bankruptcy, vol. 11, ch. 4, sec. 4.002, P–134. The Bankruptcy Act empowers the court of bankruptcy to appoint a receiver on application of any party of interest ". . . to take charge of the property of the bankrupts and to *protect the interests of the creditors* after the filing of the petition and until the petition is dismissed or the trustee is qualified . . ." (Emphasis added) Sec. 2a(3). See Collier, *supra*, P–133.

Under the Act itself and the Rules, it appears that the receiver is at most an interim stakeholder, pending appointment of a trustee or until the petition is dismissed.

The status, the powers, and the duties of the receiver are described in American Jurisprudence in this language:

"A receiver in bankruptcy is appointed in pursuance of special statutory provisions; he is a statutory receiver, rather than a general receiver such as appointed by a court of chancery under its inherent powers. * * *

"The primary duty of a receiver in bankruptcy is, of course, to take charge of the property of the alleged bankrupt and preserve it pending the time when it can be turned back to the owner if adjudication is denied, or when it can be turned over to the trustee in bankruptcy if adjudication results. He is an officer of the court, *in charge of property in custody of the court,* although he takes no title to the property, inasmuch as title remains in the bankrupt until the adjudication. . . ." (Emphasis added)

"* * * Until adjudication, *the receiver is neutral as respects the contest between the petitioning creditors and the bankrupt . . .*" (Emphasis added) 9 Am.Jur.2d *Bankruptcy,* sec. 336, pp. 279–280 (1963).

Hubbard urges that he alleged facts in his petition for writ of error sufficient to bring him before this Court "as the proper party to appeal this cause." The argument is that an application "showing that one party [Riley] has become defunct by decree of Court and that another person or entity is the successor [Hubbard as receiver] to that party is sufficient to bring the successor to the Court of Civil Appeals as the proper party to the proceeding."

In support of this contention Hubbard relies on authority of two cases. In one case a defunct corporate entity had been succeeded by a second corporation which, as stated by the court, ". . . has acquired its [the first entity's] property and rights, and assumed the payment of all of its debts, obligations and liabilities." *Proctor v. San Antonio St. Ry. Co.,* 26 Tex.Civ. App. 148, 62 S.W. 938, 939 (San Antonio 1901, no writ). In the other case a merger of two corporations had been effected, and the new company was held not to be a stranger to the record. *Stephenson v. Texas and Pacific Railway Co.,* 42 Tex. 162 (1875).

Neither case is in point. Unlike one corporation taking over all assets and debts of its defunct predecessor, or the instance of one corporation by merger reappearing under a new name, the receiver in bankruptcy has not, and cannot under law, stand in all matters in the shoes of the bankrupt. Hubbard as receiver was empowered to take charge of such assets as were before the bankruptcy court and preserve them, either for return to the bankrupt in event the petition should be dismissed, or turn the assets over to the trustee when and if appointed by the court.

Mere allegations in his petition setting forth his appointment as receiver in bankruptcy will not establish Hubbard "as the only proper party to prosecute this appeal," as he now contends. We hold that appeal by writ of error from the judgment against Riley, which was followed by transfer of the secured property at public sale, is not available to Hubbard as receiver in bankruptcy. The interests of Riley against whom the judgment was taken are not identical with the interests of Hubbard the receiver.

We express no opinion regarding validity of the judgment below, as that judgment is not before this Court.

We sustain respondent's counterpoint that appeal by writ of error is not available to Hubbard as receiver. Petitioner Hubbard's motion to sustain jurisdiction is overruled. The appeal is dismissed.