**Paul H. HUBBARD, Receiver in Bankruptcy for Jack Riley, d/b/a Webb's City Drug, Petitioner,**

v.

**Jeffrey L. LAGOW, Assignee for Temple National Bank, Respondent.**

No. B–7321.

Supreme Court of Texas.

May 31, 1978.

Naman, Howell, Smith, Lee & Muldrow, Sue Stepp and Paul Hubbard, Waco, for petitioner.

Carroll, Carroll & Brown, James L. Carroll and Gerald M. Brown, Temple, for respondent.

SAM D. JOHNSON, Justice.

This case presents the question of whether a receiver in bankruptcy has standing to seek a writ of error appeal from a default judgment which was rendered against the bankrupt prior to the receiver's appointment. The court of civil appeals determined that the receiver in bankruptcy, Paul H. Hubbard, did not have standing to appeal as he was not a party in the trial court proceedings and was not the virtual representative of Jack Riley, the defendant in the trial court proceedings. Therefore, the court of civil appeals dismissed the appeal without considering it upon the merits. 559 S.W.2d 133. We reverse the judgment of the court of civil appeals and remand the case to that court for consideration of the appeal on its merits.

On April 21, 1976, Temple National Bank brought suit on a promissory note against Jack Riley, doing business as Webb's City Drug. The promissory note in the principal amount of $22,750.96 was secured by security interests in all the drugstore's inventory,

accounts receivable, business equipment, and fixtures. On May 24, 1976, the bank assigned all its interest in the note, the security agreements, the financing agreements, and the pending lawsuit against Riley to Jeffrey L. Lagow, trustee. On May 25, 1976, Lagow moved for a default judgment against Riley and sought foreclosure of the liens on the property pledged by the various security agreements. Although Riley had been served with process, he failed to answer or to make an appearance in the cause of action. Consequently, on May 25, 1976, the trial court rendered a default judgment against Riley for the principal amount of the note plus interest and attorneys' fees, amounting to a total of $27,758.07. The court also ordered that all security interests held by Lagow be foreclosed and the goods and chattel secured be delivered to Lagow. The assets of the drugstore were sold at a public sale to the highest bidder for a sum of $31,500. Notice of the sale was sent to Riley, as well as to creditors of Riley's drugstore—Parke Davis and Company and Southwestern Drug Corporation.

On May 28, 1976, Riley filed for reorganization under Chapter XI of the Bankruptcy Act. Thereafter, on June 4, 1976, upon application of Southwestern Drug Corporation, a creditor, for appointment of a receiver for the assets of the debtor, the bankruptcy court appointed Paul H. Hubbard receiver of the assets and property of John Riley, doing business as Webb's City Drug. On November 24, 1976, shortly before expiration of six months succeeding entry of the default judgment in the trial court, Hubbard filed his application for writ of error to the court of civil appeals seeking revision and correction of the trial court judgment. Specifically, Hubbard objected to the trial court's failure to order a judicial sale upon foreclosure of the drugstore property; instead, the court had ordered the property delivered directly to Lagow. Hubbard filed a petition for writ of error in the court of civil appeals, attaching a copy of the default judgment. In his brief to the court of civil appeals Hubbard further appended the order of the bankruptcy court, United States District Court, Western District of Texas, San Antonio Division, appointing Hubbard as receiver in Cause No W-76-BK-107, styled, *In re: John Riley d/b/a Webb's City Drug*.

During oral argument before the court of civil appeals, the court apparently questioned its jurisdiction to hear the matter since Hubbard was not a party of record in the trial court proceedings. Pursuant to Rule 406, Texas Rules of Civil Procedure, Hubbard filed a motion to sustain the appellate court's jurisdiction with an affidavit attached establishing facts in support of jurisdiction. In his motion Hubbard asserted that he had the right to bring the appeal as he had succeeded to the interests of Riley as the legal representative of Riley's interests under the Bankruptcy Act and was the virtual representative of Riley. The court of civil appeals held that writ of error appeals are only available to parties to the litigation in the trial court or to parties covered under the exceptions enunciated in *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex. 1965). In *Cavanaugh* the Supreme Court held that a party may pursue a writ of error appeal if that party is covered under the doctrine of virtual representation which requires an identity of interests between the party in the trial court and the party seeking appeal. The court of civil appeals held that Hubbard and Riley did not have this essential identity of interests. The intermediate court reasoned that Hubbard, as a receiver, was only an interim stakeholder and was required to protect the creditors' interests, not the bankrupt's. The court of civil appeals also rejected Hubbard's contention that he was Riley's successor in interest and, therefore, entitled to pursue the appeal. Accordingly, the court of civil appeals held that appeal by writ of error from a judgment against Riley was not available to Hubbard as a receiver in bankruptcy.

Article 2249, Texas Revised Civil Statutes Annotated, provides that an appeal of a judgment of a district court in civil cases may be taken to the court of civil appeals by writ of error. Article 2255, Texas Re-

vised Civil Statutes Annotated, further provides that such writs of error "may be sued out at any time within six months after the final judgment is rendered." The right to seek a writ of error appeal is limited by Article 2249a, Texas Revised Civil Statutes Annotated, which provides:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. *Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.*" [Emphasis added.]

The courts have consistently recognized that such writ of error appeals are available to "those who were parties to the trial court suit but did not participate in the actual trial of the case." *Gunn v. Cavanaugh,* supra, at 724. Furthermore, the Supreme Court in *Cavanaugh* noted the long-established principle enunciated in *Smith v. Gerlach,* 2 Tex. 424, 426 (1847), which states that a writ of error appeal "can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the court below, *or who may be the legal representative of such party.*" [Emphasis added.] *See also Wood v. Yarbrough,* 41 Tex. 540 (1874).

Hubbard maintains that a Chapter XI receiver in bankruptcy is the legal representative of the bankrupt. Accordingly, he asserts that such a receiver is entitled to seek a writ of error appeal from a judgment rendered against the bankrupt when neither the bankrupt nor the receiver participated in the trial court proceedings. Accordingly, Hubbard maintains that the court of civil appeals erred in holding that Hubbard lacked standing to pursue the writ of error appeal from the default judgment against Riley.

Under the Bankruptcy Act, the receiver may be appointed upon application to the bankruptcy court by any party in interest, which includes the debtor himself, a creditor, or a committee of creditors. Bankruptcy Act, 11 U.S.C. § 732 and Rules of Bankruptcy Procedure, 11 U.S.C. Rule 11–18(b). A receiver appointed under Chapter XI proceedings serves as an officer of the court and is required to have no conflict of interest with the debtor's estate. Rules of Bankruptcy Procedure, 11 U.S.C. Rules 11–18(d) and 209(d). It is clear under the Bankruptcy Act that the receiver acts for the bankrupt or debtor. The receiver, as an officer of the court, has the same rights, privileges, and duties as the debtor. Bankruptcy Act, 11 U.S.C. § 741. Furthermore, the receiver has the benefit of all defenses available to the bankrupt as against third parties. Bankruptcy Act, 11 U.S.C. § 110. The major duty of the receiver appointed under Chapter XI is to take charge of the property and operate the business of the debtor. Rules of Bankruptcy Procedure, 11 U.S.C. Rule 11–18(b).

The Bankruptcy Act and Rules promulgated thereunder clearly specify that the duties of the receiver include the prosecuting and defending of lawsuits on behalf of the bankrupt. With regard to suits brought against the debtor, the receiver's rights are set out in United States Code, Title 11, Section 29(e), which provides in part:

"[T]he receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be."

Furthermore, United States Code, Title 11, Section 11, defines the powers of the courts of bankruptcy under Chapter XI bankruptcy proceedings; Section 11(a)(3) thereunder provides that the bankruptcy courts may exercise original jurisdiction in appointing receivers to defend or to prosecute pending

actions against the bankrupt, stating that the bankruptcy court may:

"[A]uthorize such receiver, upon his application, to prosecute or defend any pending suit or proceeding by or against a bankrupt or to commence and prosecute any suit or proceeding in behalf of the estate, before any judicial, legislative, or administrative tribunal in any jurisdiction, until the petition is dismissed or the trustee is qualified: . . ."

■ Clearly, under the Bankruptcy Act a receiver in bankruptcy succeeds to all the rights and interests of the bankrupt, including any interests in or defenses to pending lawsuits. Therefore, this court holds that a receiver in bankruptcy is the legal representative of the bankrupt. As the legal representative, the receiver has standing to pursue a writ of error appeal to the court of civil appeals where all other requisites for proceeding with such an appeal have been met.

In the instant case Riley did not participate in the trial court proceedings; therefore, a default judgment was rendered against him. Under Articles 2249, 2249a, and 2255, Texas Revised Civil Statutes Annotated, and the case law thereunder, Riley or his legal representative had the right to seek a writ of error appeal for revision or correction of judgment within six months after the default judgment was rendered. Herein, Hubbard was appointed as a Chapter XI receiver for Riley, doing business as Webb's City Drug. Therefore, Hubbard became Riley's legal representative. As Riley's legal representative, Hubbard had the standing to seek correction and revision of the trial court judgment by filing his petition for writ of error in the court of civil appeals within six months after the rendition of the default judgment. Accordingly, the court of civil appeals erred in holding that Hubbard did not have standing to prosecute the appeal.

■ Lagow asserts that even if Hubbard has standing to appeal, he has failed to comply with the procedures set out in the Bankruptcy Act, United States Code, Title 11, Section 11(a)(3), which would allow him to prosecute or defend a cause of action on behalf of the debtor. Section 11(a)(3) provides that the bankruptcy court shall:

"[A]uthorize such receiver, *upon his application*, to prosecute or defend any pending suit or proceeding by or against a bankrupt . . . ." [Emphasis added.]

Specifically, Lagow urges that under Section 11(a)(3) the receiver must make application to the bankruptcy court and receive approval prior to his intervention into the bankrupt's cause of action. It is undisputed that Hubbard did not apply to the bankruptcy court for authorization to prosecute the appeal of the default judgment against Riley. However, Hubbard asserts that Rule 610 of the Rules of Bankruptcy Procedure, United States Code, Title 11, no longer requires the receiver to seek court approval prior to intervening in suits involving the debtor. Rule 610 provides:

"The trustee or receiver may, with or without court approval, prosecute or enter his appearance and defend any pending action or proceeding by or against the bankrupt, or commence and prosecute any action or proceeding in behalf of the estate, before any tribunal."

Rule 610 is specifically made applicable to Chapter XI proceedings by Rule 11–57 of the Rules of Bankruptcy Procedure, United States Code, Title 11. Hubbard asserts that the provisions of Rule 610 supersede the provisions of United States Code, Title 11, Section 11(a)(3), where such provisions conflict.

The Rules of Bankruptcy Procedure are promulgated pursuant to United States Code, Title 28, Section 2075, which states:

"The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.

". . .

"All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

As the provisions of Rule 610 conflict with the provisions of Section 11(b), Section 2075

would indicate that Rule 610 supersedes the provisions of Section 11(b). This interpretation is supported by *Collier on Bankruptcy*, Volume 13, Section 610.05 [1–2], which states specifically that:

"Rule 610 dispenses with the requirement of court approval for the prosecution or defense of any pending action or cause of action in favor of the estate."

Accordingly, Hubbard, as a Chapter XI receiver, was not required to obtain bankruptcy court approval as a prerequisite to prosecution of the writ of error appeal on behalf of the bankrupt, Jack Riley, doing business as Webb's City Drug.

We hold that Hubbard, as a Chapter XI receiver appointed by the bankruptcy court, was the legal representative of Jack Riley, doing business as Webb's City Drug; that as the legal representative of Riley, Hubbard had standing to prosecute the writ of error appeal seeking revisions and corrections in the default judgment rendered by the trial court; and that Hubbard was not required to obtain bankruptcy court approval as a prerequisite to prosecution of the appeal on behalf of the bankrupt.

Accordingly, the judgment of the court of civil appeals is reversed and the cause of action is remanded to the court of civil appeals for consideration of the appeal upon its merits.