**CALIFORNIA AND HAWAIIAN SUGAR COMPANY, Petitioner,**

v.

**BUNGE CORPORATION, Respondent.**

No. 17474.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 15, 1979.

Rehearing Denied Dec. 20, 1979.

Eiken & Davey, Robert Eikel, Houston, for petitioner.

McLeod, Alexander, Powel & Apffel, James L. Ware, Galveston, for respondent.

WALLACE, Justice.

This petition for a writ of error arises out of a suit by Biehl and Company, (Biehl), a steamship agent, against Bunge Corporation, (Bunge), a wharf and grain elevator operator, seeking an injunction. A temporary injunction was issued and Bunge cross-acted for wharfage fees. The main action was settled and the cross-action was tried to the court which granted Bunge a judgment. California and Hawaiian Sugar Company, owners of the "Sugar Islander," the ship in question, brings this writ of error.

■ Bunge filed a motion to dismiss this writ on the grounds that petitioner was not a party to the proceeding below, or a party of record and thus has no standing to bring the writ. A writ of error can only issue at the instance of a party to the suit, or of one whose privity of estate, title, or interest appears from the record of the cause in the court below, or who may be the legal representative of such party. *Smith & James v. Gerlach*, 2 Tex. 424 (1847); *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965); *Hubbard v. LaGow*, 567 S.W.2d 489 (Tex.1978).

■ The general rule is that one must be a party to a lawsuit but did not participate in the suit in order to have standing to bring writ of error. Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon 1971); *Industrial Generating Company v. Jenkins*, 410 S.W.2d 658 (Tex.Civ.App.—Austin 1966, no writ). There are three exceptions to the general rule, (1) a class action; (2) a will contest; (3) suits wherein the parties come under the doctrine of virtual representation. The first two exceptions are inapplicable here. Our inquiry is whether petitioner is covered by the doctrine of virtual representation. The test is whether the petitioner is bound by the judgment of the trial court by virtue of the fact that it was "represented" by Biehl. *Grohn v. Marquardt*, 487 S.W.2d 214 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.).

The records shows that the berthing agreement and tariff provided that the owners of the vessel were liable to Bunge for the charges in question. Bunge's assistant manager testified that he was aware that his contract was with the ship's owner as well as with Bunge.

■ Petitioner contends that in-as-much as its ownership of the vessel was disclosed to Bunge, and it could have been made a party to the original suit due to its liability under the application for berth and applicable tariff signed by Biehl, as its agent, it was "represented" by Biehl and thus has standing to prosecute this writ of error. All this proves is that petitioner could be liable for the charges had Bunge chosen to sue petitioner. However, Bunge chose to pursue its cause of action only against Biehl as it had the option to do under the application and tariff. The record does not disclose petitioner's obligation to Biehl or

Biehl's obligation to petitioner under the agency agreement. The evidence is insufficient to show petitioner was "represented" by Biehl, *Grohn v. Marquardt*, supra. Since petitioner was not represented in the trial court, it is not bound by the judgment. Therefore, it has no standing to prosecute this writ of error. The writ is dismissed.

COLEMAN, C. J., and DOYLE, J., also sitting.