MANSAT V. HUBBARD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-181-CV

IN THE MATTER OF THE MARRIAGE OF

DORIS JEAN HUBBARD AND 

TIMOTHY WAYNE HUBBARD

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this restricted appeal, Emil Mansat is attempting to set aside the trial court’s decree annulling the marriage of Doris Jean Hubbard and Timothy Wayne Hubbard.  We dismiss the appeal for want of jurisdiction.

Mansat and Doris are presently married and are parties to a pending divorce and annulment proceeding in the State of Hawaii.  Mansat alleges that, unbeknownst to him, Doris was married to Timothy at the time Mansat married her.  In January 2006, the trial court rendered the underlying decree annulling Doris’s marriage to Timothy.  Mansat was not made a party to that proceeding or to the decree.  Nevertheless, on May 24, 2006, Mansat filed this restricted appeal from the decree.
(footnote: 2)  On May 26, we notified Mansat of our concern that we lacked jurisdiction over the appeal because he was not a party to the decree
(footnote: 3) and informed him that the appeal was subject to dismissal unless a response was filed by June 5 showing grounds for continuing the appeal.

In response, Mansat asserts that he has standing to appeal the annulment proceeding because he was a “necessary party” to the proceeding.
(footnote: 4)  He contends that he should have been joined as a party because the annulment of Doris’s preexisting marriage to Timothy will enable her to obtain a more favorable property settlement in the Hawaii proceeding.

Generally, an appeal, including a restricted appeal, is available only to parties named of record in the trial court.
(footnote: 5)  An exception to this rule exists when the nonparty seeking to appeal is bound by the judgment.
(footnote: 6)  Mansat does not, however, claim to be bound by the decree of annulment.  Moreover, Mansat has cited no legal authority to support his argument that the annulment of Doris’s marriage to Timothy will increase Doris’s chances of obtaining a more favorable property settlement in the Hawaii proceeding.  His argument is based on nothing but mere speculation.

Because Mansat was not a party to the annulment proceeding, he cannot appeal the decree.  Therefore, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  June 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 26.1(c), 30.

3:
See id.
 (providing that a “party” who did not participate in the hearing that resulted in the judgment may appeal the judgment within six months after it is signed).

4:
See generally
 
Tex. R. Civ. P.
 39(a) (stating requirements for joinder of necessary parties).

5:
City of San Benito v. Rio Grande Valley Gas Co.,
 109 S.W.3d 750, 754 (Tex. 2003); 
Stubbs v. Stubbs,
 685 S.W.2d 643, 644 (Tex. 1985); 
see
 
Tex. R. App. P.
 25.1(b) (providing that a timely-filed notice of appeal “invokes the appellate court’s jurisdiction over all parties 
to the trial court’s judgment or order appealed from”
 ) (emphasis supplied).

6:
City of San Benito,
 109 S.W.3d at 754-55 (citing with approval
 Grohn v. Marquardt,
 487 S.W.2d 214, 217 (Tex. Civ. App.—San Antonio 1972, writ ref’d n.r.e.) (“When a non-party is allowed to challenge a judgment, the decision to allow him the right to appeal is grounded on the fact that, because of the doctrine of representation, he is bound by the judgment.”)).