COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-181-CV

 

 

IN THE MATTER OF THE MARRIAGE OF

 



DORIS JEAN HUBBARD AND
                                                 

TIMOTHY
WAYNE HUBBARD

 

                                              ------------

 

           FROM
THE 325TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this restricted appeal,
Emil Mansat is attempting to set aside the trial court=s decree annulling the marriage of Doris Jean Hubbard and Timothy
Wayne Hubbard.  We dismiss the appeal for
want of jurisdiction.








Mansat and Doris are
presently married and are parties to a pending divorce and annulment proceeding
in the State of Hawaii.  Mansat alleges
that, unbeknownst to him, Doris was married to Timothy at the time Mansat
married her.  In January 2006, the trial
court rendered the underlying decree annulling Doris=s marriage to Timothy.  Mansat
was not made a party to that proceeding or to the decree.  Nevertheless, on May 24, 2006, Mansat filed
this restricted appeal from the decree.[2]  On May 26, we notified Mansat of our concern
that we lacked jurisdiction over the appeal because he was not a party to the
decree[3]
and informed him that the appeal was subject to dismissal unless a response was
filed by June 5 showing grounds for continuing the appeal.

In response, Mansat asserts
that he has standing to appeal the annulment proceeding because he was a Anecessary party@ to the
proceeding.[4]  He contends that he should have been joined
as a party because the annulment of Doris=s preexisting marriage to Timothy will enable her to obtain a more
favorable property settlement in the Hawaii proceeding.








Generally, an appeal,
including a restricted appeal, is available only to parties named of record in
the trial court.[5]  An exception to this rule exists when the
nonparty seeking to appeal is bound by the judgment.[6]  Mansat does not, however, claim to be bound
by the decree of annulment.  Moreover,
Mansat has cited no legal authority to support his argument that the annulment
of Doris=s marriage to Timothy will increase Doris=s chances of obtaining a more favorable property settlement in the
Hawaii proceeding.  His argument is based
on nothing but mere speculation.

Because Mansat was not a
party to the annulment proceeding, he cannot appeal the decree.  Therefore, we dismiss the appeal for want of
jurisdiction.

 

PER CURIAM

PANEL D:   CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
June 22, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 26.1(c), 30.





[3]See
id. (providing that a Aparty@ who
did not participate in the hearing that resulted in the judgment may appeal the
judgment within six months after it is signed).





[4]See
generally Tex. R.
Civ. P. 39(a) (stating requirements for joinder of necessary parties).





[5]City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 754
(Tex. 2003); Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985); see
Tex. R. App. P. 25.1(b)
(providing that a timely-filed notice of appeal Ainvokes
the appellate court=s
jurisdiction over all parties to the trial court=s
judgment or order appealed from@ ) (emphasis supplied).





[6]City
of San Benito, 109 S.W.3d at 754-55 (citing with approval
Grohn v. Marquardt, 487 S.W.2d 214, 217 (Tex. Civ. App.CSan
Antonio 1972, writ ref=d
n.r.e.) (AWhen
a non‑party is allowed to challenge a judgment, the decision to allow him
the right to appeal is grounded on the fact that, because of the doctrine of
representation, he is bound by the judgment.@)).