F. L. CRANE v. FRY W. GILES, *Admr.*

Petition in error from a final order of Probate Court. The Supreme Court declined to entertain jurisdiction whereupon it was *held*,

Section 525 Civil Code, under article 3 section 10 Constitution, gives the jurisdiction of hearing appeals from final orders of Probate Courts to the District Court of the county.

"Appeal" as used in article 3 section 10 of the Constitution, is a general term denoting any proceeding by which a cause is sought to be removed from probate and justices courts to superior tribunals for the purpose of re-examination, and thereby precludes jurisdiction by Supreme Court in this case.

The facts of the case appear in the opinion of the court.

*Elmore & Martin*, for plaintiffs in error.

No brief has come into the hands of the reporter.

*By the Court*, BAILEY, J.

This case is brought before the court on a petition in error to reverse a final order of the Probate Court of Shawnee county, disallowing a sale of lands belonging to the estate of defendant's intestate.

This court declines to entertain jurisdiction of the cause for the following, among other reasons:

1. Because we are unable to find any provision of law authorizing a petition in error from the Probate Court to this court.

II. Because section 525 of the Code of Civil Procedure provides that a "judgment rendered or final order made by the Probate Court, may be reversed, vacated or modified by the District Court for errors appearing on the record." *See also sec.* 523 *of Code.*

III. Because section 10 of article 3 of the Constitution of this state declares, that " all appeals from Probate

Courts and justices of the peace, shall be to the District Court.

An appeal, as defined by Webster, is "the removal of a cause from an inferior to a superior tribunal, as from a common pleas court to a superior or supreme court."

Worcester defines it to signify in law "a removal of a cause from an inferior to a superior court or jurisdiction for the purpose of re-examination."

To the same effect, Jacobs in his Law Dictionary, remarks that, "it signifies the removal of a cause from an inferior court or judge to a superior."

These authorities are sufficient to show that the term "appeal" as used in the constitution, is a general term denoting not only what are technically denominated appeals, as contra-distinguished from a *certiorari* writ of error or petition in error, but any proceeding by which a cause is sought to be removed from probate and justice courts to superior tribunals for the purpose of re-examination, and thereby precludes the jurisdiction of this court in the case at bar. The manifest object of the provision being to enable parties to obtain justice in their own county without being subjected to the trouble and expense of a suit in the Supreme Court, except in case of necessity.

Petition is dismissed.

All the justices concurring.