JESSE RODGERS v. T. T. ALEXANDER, CLERK, ETC.

1. Mandamus will issue from this court to compel a district clerk to make out and deliver a transcript for appeal or writ of error, when he is in default by failing so to do.

2. The act of May 3, 1871, "for the protection of poor persons in cases of appeal in civil suits" (Acts of 1871, p. 74), is applicable as well to cases brought up by writ of error, as by appeal. The writ of error is only a mode of appeal.

3. The act of 1871, above referred to, is applicable to judgments of the District Courts rendered before its enactment as well as to those rendered since ; and this construction does not render the act retrospective in a sense obnoxious to the Constitution.

Proceeding in the Supreme Court for a *mandamus* to a district clerk, to make out and send up a transcript of the record in a cause determined in the dis-

trict court, and to which the petitioner had sued out a writ of error, *in forma pauperis*. The opinion indicates such facts as are of any use. The present proceeding is an outgrowth from the case of Rodgers v. Ferguson, a report of which, on a former appeal, will be found in 32 Texas.

*J. R. Burns*, for the relator.

*Jarmon & Cross*, for the respondent.

WALKER, J.—This is a proceeding in *mandamus* on the part of the relator, Jesse Rodgers, to compel the respondent, Thad. T. Alexander, clerk of the district court of Fayette county, to send up to this court the record of a judgment from the District Court of Fayette county, wherein Jesse Rodgers is plaintiff and N. B. Ferguson is defendant; under the provisions of the act of May 3, 1871, General Laws of the Twelfth Legislature, page 74. There is no return nor answer to the alternative writ; but both parties have filed briefs.

We are informed from the respondent's briefs, of the grounds on which he places his defense to the peremptory writ.

First, it is claimed that the act of May 3, 1871, does not apply to cases brought up on writ of error. This ground is manifestly untenable. This court has uniformly treated the writ of error, as a mode of appeal. (See Cheek and Collins v. Rodgers, 1 Texas, 440; Smith and Jaynes v. Gerlach and Levenhagen, 2 Texas, 424; Luckett v. Townsend & Moore, 3 Texas, 119; Tucker v. Anderson, 25 Sup. Texas Rep., 158; Prestig v. Prestig, 25 Texas, 585.)

It is claimed, secondly, that the judgment of the district court, in the case of Rodgers v. Ferguson, was rendered prior to the act of May 3, 1871; and therefore

the act, in its provisions, cannot apply to this case. We regard the act as purely remedial, and not retroactive in the sense inhibited by the Constitution of the State or of the United States. (See Cooley's Constitutional Limitations, pages 286, 287, 288, 289; and the very numerous authorities cited in the notes.)

We will not hold the respondent as in contempt of court; he has no doubt acted under advice of counsel.

The reasons given by this court for its opinion in the State on relation of Honey, so far as the jurisdiction of the court is concerned, apply to this case, and will be so regarded.

The peremptory writ of *mandamus* will therefore issue as prayed for in the petition.

MANDAMUS AWARDED.