## HUMBLE OIL & REFINING CO. v. ANDREWS. (No. 146.)

(Court of Civil Appeals of Texas. Eastland. Dec. 11, 1925.)

1. **Statutes** ⚌117(8)—Amendment, if revoking right of appeal by writ of error, held unconstitutional as containing more than one subject not expressed in its title.

Amendment of Rev. St. 1911, art. 2078, if revoking right of appeal by writ of error, *held* violative of Const. art. 3, § 35, providing that no bill shall contain more than one subject, which shall be expressed in its title.

2. **Appeal and error** ⚌5—Right of appeal by writ of error exists by virtue of common law.

Right of appeal by writ of error exists by virtue of common law and not by statute.

3. **Appeal and error** ⚌2—Amendment held not to exclude right to appeal by writ of error.

Amendment by Acts 39th Leg. (1925) c. 18, of Rev. St. 1911, art. 2078, *held* not to destroy right to appeal by writ of error but merely to omit it as method of reviewing judgment granting new trial, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2086–2090, relating to writs of error being left intact.

Error from District Court, Comanche County; J. R. McClellan, Judge.

Action between the Humble Oil & Refining Company against P. W. Andrews. On motion by appellee to dismiss writ of error. Motion overruled.

Scott W. Key, of Eastland, for appellant. Jerome P. Kearby, of Comanche, for appellee.

RIDGELL, J. Appellee has filed motion to dismiss the writ of error and all proceedings herein, contending that this court has no jurisdiction to hear this case or review the judgment of the trial court for the reason, that plaintiff in error seeks a review of said judgment by writ of error when the law and statutes at this time permit no such remedy, and contends that appeal now lies only directly from a judgment, as appeal is usually termed, and that under the law this appeal should be dismissed. The appellee has replied to the motion, and there are but two propositions which we feel called upon to discuss, as briefly as the importance of the question will permit.

Article 2078, of the Revised Statutes, provides that an appeal on writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases in which the county court has original jurisdiction, and from every 'final judgment of the county court in civil cases of which the court has appellate jurisdiction, where judgment or amount exceeds $100, exclusive of interest and cost. Under above statute and other acts of the Legislature, of which same was an amendment, the right to prosecute appeals by writ of error has for years been invoked.

The Thirty-Ninth Legislature passed what is known as House Bill No. 20, which the record shows was introduced by Mr. Kittrell of Houston, under the following caption:

"An act to amend article 2078 of Revised Civil Statutes of 1911, to provide for appeals and writs of error from orders granting motion for new trial and declaring an emergency."

The record shows that as House Bill No. 20 it was reported, and, when before the House on second reading, an amendment was adopted striking out the words "or writ of error." The bill as thus amended passed the House finally January 29, 1925, and on February 11, 1925, upon being called up in the Senate, two separate amendments were offered as follows: First, to amend the caption to House Bill No. 20, by striking out the words "and writs of error," in line 18, p. 1; second, to amend House Bill No. 20 by striking out the words "or writ of error," in line 22, p. 1—and after the adoption of both amendments as amended, was finally passed by the Senate. On February 18, 1925, the bill was called up, the Senate amendments concurred in, and was finally passed in the House, and, as amended, became a law. Acts 39th Leg. c. 18.

The appellee insists that the fact that the bill as reported to the House contained "and writs of error" in the caption following the word "appeals," and was by amendments omitted and stricken from the bill, therefore the record shows conclusively that it was the legislative intent, by the adoption of, the amendments, to limit the right of review in the appellate court to direct appeal, and abolish right of appeal by writ of error.

It may appear that the action of the law-making body was deliberate on the business that they were really considering. It is apparent, however, that the real purpose of the bill was to provide for appeals from the action of trial courts in granting of new trials. That was really the real subject-matter involved, and no doubt the Legislature, in giv-

ing this additional right to litigants, deemed it proper and necessary that a definite time limit be expressed in which appeals from the action of trial courts granting new trials could be perfected, different from that afforded from orders overruling motion for new trial. It is apparent that the Legislature really never intended to destroy the right of writ of error as it existed, but was only omitting it from the added right of appeal from judgments granting new trials.

We can see good reason why the Legislature would desire to prevent delay in prosecuting such appeals, for, if litigants were allowed 6 months to appeal by writ of error, the condition would often happen that the case would be tried again, and at most great confusion would result.

[1] It is further our judgment that, if it be admitted that it was the intention of the Legislature to absolutely revoke the right of appeal by writ of error, such intention failed, and that the amended act did not repeal the right of appeal by writ of error, for the reason that the caption or subject of such amended act is not broad enough to include the repealing of the right to appeal by writ of error as provided in article 2078 of the Revised Statutes of 1911. The caption of said act provides as follows:

"An act to amend article 2078 of the Revised Civil Statutes of 1911 to provide for appeals from orders granting motions for new trials, and declaring an emergency."

Article 3, § 35, Constitution of state of Texas, reads as follows:

"No bill * * * shall contain more than one subject, which shall be expressed in its title."

It follows that applying the constitutional test to the caption of this act, that the said amendment does not abolish or deprive parties of the right of appeal by writ of error. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S. W. 521; Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804; Adams & Wicks v. San Angelo Waterworks Co., 86 Tex. 485, 25 S. W. 605.

[2] The right of appeal by writ of error, whether expressly given by statute or not, has existed in this state since the adoption of the common law as a rule of decision and procedure. The common law has been in force in Texas since the early days of our beginning, and the right of appeal by writ of error came into being by virtue of the adoption of the common law, and not by statutory declaration.

[3] We believe that the act as amended is certainly broad enough to include, and does not exclude, the right to appeal by writ of error, independent of our further holding herein. Magee v. Chadoin, 44 Tex. 488; Green v. Martin, 43 Tex. 653; Luckett v. Townsend, 3 Tex. 128, 49 Am. Dec. 723; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143.

Another matter that is very persuasive to our conclusions as to legislative intent is the fact that articles 2086–2090, of Vernon's Sayles' Civil Statutes, were left intact; the said articles all dealing with the right and procedure in cases of writs of error. If the Legislature had intended to absolutely abolish the right of appeal by writ of error, it is manifest that they would have repealed or amended said articles so that the law in reference to the subject would be and remain consistent.

Again, article 2078 is not the only statute providing for writs of error, but article 2086 of the Revised Statutes, now article 2255, of the Revised Civil Statutes, provides that the writ of error in cases where same is allowed may be sued out at any time within 6 months after final judgment is rendered. We have concluded that, if the writ of error is only a statutory right, the articles mentioned provide ample authority for courts recognizing the right of such appeal.

We therefore conclude and find:

First. That it was not the intention of the Legislature to destroy the right of appeal by writs of error, only in those cases where appeal was taken from the action of trial courts granting new trials.

Second. That the act, as amended, includes the right to appeal by writ of error.

Third. That the right to appeal by writ of error is a right given by the common law, and the omission to include the words in the amendment does not repeal or revoke the common-law right.

Fourth. Because the right to appeal by writ of error is granted by article 2086 of the Revised Statutes and the succeeding articles on said subject.

Fifth. Because, the Legislature having expressed more than one subject in the title of the act, the same would come under the condemnation of article 3, § 35, of the Constitution of the state of Texas.

We, however, do not deem it necessary and we do not pass upon the constitutionality of this act, for the reason that we believe, under both the common and statutory law of this state, the right of appeal by writ of error is secured, and the motion of appellee to dismiss the appeal of this case will be overruled.

Overruled.