## HOFHEINZ v. WILSON et al.
### (Motion No. 6139.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1926. Rehearing Denied March 3, 1926.)

Appeal and error ⬤═2—Statute authorizing appeals by writs of error held not repealed (Rev. St. 1925, art. 2249, being Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. [1925] c. 18).

Omission of the words "or writ of error" from Rev. St. 1925, art. 2249, being Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18, to permit appeals from orders granting new trials, held not repeal of prior statutes authorizing appeals by writs of error.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Action by E. J. Hofheinz against John Wilson and another. Judgment for defendants, and plaintiff brings error. On defendants' motions to affirm on certificate and to dismiss appeal. Motions denied.

See, also, 278 S. W. 224.

Hart, Patterson & Hart, of Austin, opposed.

Dickens & Dickens and Harris & Harris, all of Austin, for the motion.

BLAIR, J. This suit was filed by plaintiff in error against the defendant in error on August 23, 1923, and was a suit in trespass to try title to a certain lot of land situated in the city of Austin, Travis county, Tex. The case was tried to a jury upon special issues, and judgment was rendered by the court upon the verdict of the jury against plaintiff in error, and in favor of defendants in error on May 1, 1925. Plaintiff in error's motions to set aside the verdict and for a new trial were overruled May 1, 1925; to which action he excepted and gave notice of appeal, and was given 90 days from May 1st to prepare and file statement of facts and bills of exception, which he filed in the trial court on July 25, 1925. On October 19, 1925, he filed a petition for writ of error, together with his writ of error bond. Citation in writ of error was issued by the clerk of the court on October 19, 1925, and served by the sheriff of Travis county on defendant in error Minnie Wilson on October 25, 1925. Alias citation in error was issued and served on the attorneys of record for the defendant in error John Wilson on October 29, 1925. Plaintiff in error duly presented his record as thus completed, and it was filed in this court on January 6, 1926. On January 17, 1926, the defendants in error filed a motion in this case to affirm on certificate, which they accompanied by the proper record required in cases to affirm on certificate; and it is upon this motion that we are passing at this time. Later they filed a motion to dismiss the appeal by writ of error filed on January 6, 1926.

Both motions have been duly considered and are overruled and denied, but only the motion to affirm on certificate will be discussed, since they are predicated upon the same ground.

The ground for the motion is that there is now no authority in the law for the court to entertain an appeal by writ of error from the trial court to the Court of Civil Appeals, because it is alleged that the Thirty-Ninth Legislature (1925), by chapter 18, amended old article 2078, R. S. 1911, and its counterpart, article 2249, R. S. 1925, in some manner, and in doing so the words "or writ of error" were omitted; which omission defendants in error contend was tantamount to a repeal of the statute authorizing an appeal by what had been theretofore commonly known as by writ of error. The contention is wholly without merit.

The purpose for amending the statute in question was to add a proviso authorizing an appeal from orders granting motions for new trials, and, although it is true that the words "or writ of error" have been omitted, the article otherwise was re-enacted, and provides that an appeal may be taken to the Court of Civil Appeals from every final judgment of the district court, etc. By the amendment no change whatsoever was made in the statutory machinery providing for an appeal or writ of error. Since the earliest time appeal by writ of error has been recognized by our courts as a mode of appeal, and whether the case is carried to the Court of Civil Appeals by what is called an appeal or by what is called a writ of error, the record filed in the Court of Civil Appeals is for all intents and purposes the same procedure, and the case is heard and disposed of in the same manner. There is no substantial difference in these modes of appeal except in the time for perfecting the appeal in the trial court. If the case is brought to the appellate court on what is termed "an appeal," notice has to be given and an appeal bond filed within 20 days after final judgment. If it is brought by "writ of error," notice of appeal is not necessary, and bond is given when the petition for writ of error is filed. If the case is brought by an appeal, then the record shall be filed in the appellate court within 90 days, but if it is upon writ of error, the record shall be filed within 90 days after the service of citation in error.

In Cheek v. Rogers, 1 Tex. 440, the Supreme Court held:

"We can see no reason for making the distinction contended for between appeals and writs of error.

"The process for the removal of causes from the district to the Supreme Court, was, for several years, known only by the name of appeal, and was as remarkable for its simplicity, as for its pervasive energy; embracing in its remedial power all judgments or decrees which could be the subjects of revision. * * *

"By the Statutes of 1841, under which this writ was sued out, the appellate remedy was still further enlarged, not by extending it to any judgments on which it had been previously inoperative; but modifying the time and modes of removal. Under these statutes the transmission of the cause to the Supreme Court, could be effected; by notice given as formerly, in open court, or by application to the clerk, at any time within 12 months, and citation to the adverse party; or by obtaining, within 2 years, an order from the chief justice or a district judge, on which a writ was issued, directing the transcript of the record to be sent up to the Supreme Court. The two former modes were denominated appeals; the latter a writ of error; but they extended alike and equally, to all judgments, and by either of the modes the proceedings in any cause whatever which were revisable, could be sent up for review and correction."

In Smith v. Gerlach, 2 Tex. 424, 47 Am. Dec. 657, it is held:

"That the writ of error in our practice is but another mode of appeal, see Cheek & Collins v. Rogers, (1 Tex. R. 440,) decided at the last term."

In Luckett v. Townsend, 3 Tex. 119, 128, 49 Am. Dec. 723, it is said:

"It is believed to have been the uniform practice of the late Supreme Court, as well as of this court, to regard the writ of error, as recognized by our laws, only as another mode of bringing up the cause for revision as upon appeal."

These cases have been followed in Lacey v. Ashe, 21 Tex. 394; Magee v. Chadoin, 44 Tex. 488; Tex. Trunk Ry. Co. v. Jackson, 22 S. W. 1030, 85 Tex. 605; Gainesville, H. & W. R. Co. v. Lacy, 26 S. W. 413, 7 Tex. Civ. App. 63.

In the case of Rogers v. Alexander, 35 Tex. 116, the district clerk refused to prepare a transcript in a case where an affidavit in forma pauperis was filed in lieu of an appeal bond or writ of error bond, because the clerk contended that the act authorizing an appeal on an affidavit in lieu of a bond applied only to appeals and not to writs of error. This contention was based upon the fact that the statute authorizing such appeal only used the word "appeal," and did not use the words "or writ of error." The court granted the mandamus upon the theory that the courts had from the earliest time treated the writ of error as a mode of appeal, citing some of the above cases in support of their view.

Another case supporting our view by analogy is that of Magee v. Chadoin, supra, in which the question involved was whether in a second action for trespass to try title under Act of February 5, 1840 (Laws 1840, p. 136), the plaintiff had a right to bring the case to the Supreme Court by writ of error under section 3 of the Act of 1844 (Laws 1844, p. 70), amending the former act, which read:

"That section 7 of 'An act to provide the mode of trying title to lands' be so amended as to allow the plaintiff, in case a verdict and judgment should pass against him, and he should determine to appeal to the Supreme Court, and the said Supreme Court should decide against said plaintiff, he the plaintiff should have one year from the decision of said Supreme Court to bring a second action, and in case a second verdict and judgment should pass against the plaintiff, nothing contained in the act to which this is a supplement, shall be so construed as to prevent an appeal from said second verdict and judgment."

In this case it was held that, though the statute used only the word "appeal," plaintiff had a right to appeal by writ of error. We quote the following from this opinion:

"The language of the supplementary act to which we have referred seems to import, that its purpose is to guard against a construction being given the previous act which should lead to a denial of the right to correct an erroneous judgment of the district court, and not to prescribe a particular mode by which this should be done. The writ of error has always been treated and regarded by this court, as it was indeed by the Supreme Court of the Republic from its first introduction into our system of jurisprudence, as only another method of bringing up causes for revision as upon appeal. Luckett v. Townsend, 3 Tex. 128 (49 Am. Dec. 723). The word 'appeal,' as said in the case of Republic v. Smith [Dallam's Dig. (Tex.)] 408, is often used to denote the nature of appellate jurisdiction, without regard to the particular mode by which a cause is transmitted from one tribunal to another. And it was, we think, thus used in the clause of the statute to which we have referred. We therefore hold that the judgment can be brought to this court for review by writ of error, and the motion to dismiss must be overruled."

In Dold v. Robertson, 9 P. 302, 3 N. M. 313, the court holds that the word "appeal" includes writ of error, and cites Webster's definition of the word "appeal" as follows:

"To refer to a superior judge or court for the decision of a cause depending, or the revision of a cause decided in a lower court."

In Bouv. Law Dict. 208, the word "appeal" is defined as:

"The removal of a cause from a court of inferior to one of superior jurisdiction, for the purpose of obtaining a review and retrial."

To the same effect are Crane v. Giles, 3 Kan. 54; Clark v. Ross, Breese (1 Ill.) 261; State v. Jacksonville Terminal Co., 27 So. 221, 41 Fla. 363.

The statute construed in the last case cited reads:

"Appeals by either party shall be from judgments, orders and decrees of inferior courts in all suits and cases brought under the provisions of this act, etc."

That case was carried to the Supreme Court by writ of error, and defendant in error moved that it be dismissed because the statute did not authorize the carrying of a case up by writ of error. The court held:

"It is clear to our minds that the contention of the defendant in error is unsound, and that the word 'appeals' in the quoted section is therein used in its popular, broadest and most comprehensive sense, and signifies any and all appropriate appellate proceedings provided by law for reviewing judgments at law, orders and decrees in equity, and other reviewable orders, judgments or decrees, whether by writ of error, or by an appeal proper in its strictest technical sense."

It seems to us that article 2249, as now amended by the use of the term "appeal," authorizes an appeal under any procedure, mode, or manner now provided by statute. We think it is wholly without reason to contend that the Legislature intended by the mere omission of the words, "or writ of error," in article 2249, to repeal the law authorizing an appeal by writ of error. Especially do we think this to be true since they left all of the procedure for appeal by writ of error provided for in the other articles of the statute.

The motion to affirm on certificate is therefore overruled and denied, and motion to dismiss appeal filed January 6, 1926, also overruled and denied.

Motion overruled.