## JARA v. THOMPSON.

No. 12017.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 5, 1949.

Rehearing Denied Nov. 2, 1949.

942

Horace C. Hall, Laredo, Bismark Pope, Laredo, Raymond J. Goodman, Laredo, L. Hamilton Lowe, Austin, for appellant.

Eskridge & Groce, San Antonio, Bond Davis, San Antonio, Kelley, Mosheim & Ryan, Houston, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Hector Jara as next friend of Manuel Hernandez, a minor, against Guy Thompson, Trustee for the International-Great Northern Railway Company, seeking damages resulting from said minor having been run over by a train owned and operated by the defendant in the city limits of Laredo, Texas, about 10 o'clock at night, in or near the intersection of Eagle Pass Avenue and Benavides Street. The trial was to a jury whose findings were mostly favorable to the plaintiff. The trial judge granted defendant's motion for judgment non obstante veredicto and motion to disregard the jury's answers to certain special issues, and rendered judgment in favor of the defendant, from which judgment the plaintiff, Manuel Hernandez, has prosecuted this appeal.

The jury, in answer to the special issues submitted to them, made the following findings: First, that Manuel Hernandez while walking across the roadbed of the main track of defendant railroad in the vicinity of Benavides Street did not entangle his foot under the rails of such roadbed so as to hinder his freedom of movement. Second, that the employees of the defendant railroad at the time or immediately prior to the injury of Hernandez failed to keep such a lookout for pedestrians on or about to cross the roadbed or track on which the train was traveling as persons of ordinary prudence would have kept under the same or similar circumstances. Third, that such negligence of the defendant employees was a proximate cause of the injury to Hernandez. Fourth, that at or immediately prior to the time of the injury of Hernandez he was not attempting to board the moving freight train of the defendant railroad. Fifth, that on the occasion in question Hernandez did not fail to keep such a lookout for his own safety as a person of ordinary prudence would have kept under the same or similar circumstances. Sixth, that the injury to Hernandez was not the result of an unavoidable accident. Seventh, that the sum of $5,000 would fairly and reasonably compensate Hernandez for the injury.

This appeal presents two questions: First, was the appellant, Manuel Hernandez, guilty of contributory negligence as a matter of law and thereby prevented from recovering herein? Second, was the finding of the jury, that the negligence of appellee's employees in failing to keep a proper lookout for pedestrians on or near the track on which the train was being operated at the time of the appellant's injury a proximate cause of such injury, supported by sufficient evidence?

The evidence does not establish that Hernandez was guilty of contributory negligence, as a matter of law. He testified that he saw the train coming and would have had time to save himself had he not fallen and caught his foot under the rail when he turned around and went back to pick up a loaf of bread that he had dropped. It is true that the jury found, in answer to the first issue submitted, that he did not get his foot entangled under the rail "so as to hinder his freedom of movement", but this does not amount to a finding that he did not fall down and that he did not get his foot entangled to any extent. In passing upon this matter, all the testimony must be considered in a light most favorable to Hernandez.

Except in rare cases, whether a plaintiff is guilty of contributory negligence

or not is a question of fact to be decided by the tryer of facts, which in this case was the jury. Lang v. Henderson, Tex.Sup., 215 S.W.2d 585; Texas & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332.

The burden of proof was upon appellee to show by the preponderance of the evidence that Hernandez was guilty of contributory negligence, and the jury having found that he was not, this finding should stand, unless the evidence goes further and shows as a matter of law that he was thus guilty. In order to show that he was guilty of contributory negligence, as a matter of law, the evidence would have to be so conclusive that reasonable minds could arrive at no other conclusion than that he was guilty of such negligence. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Trockta v. Missouri K. & T. Ry. Co., Tex.Com.App., 218 S.W. 1038; Barron v. Houston E. & W. T. Ry. Co., Tex.Com.App., 249 S.W. 825; Emberlin v. Wichita Falls R. & Ft. Worth Ry. Co., Tex. Com.App., 267 S.W. 463; International & G. N. Ry. Co. v. Tinan, Tex.Civ.App., 117 S.W. 936.

In view of the fact that appellant, Hernandez, after going on the track dropped his bread and in going back to pick it up in some manner fell and before he was again able to regain his feet the train had struck him, together with all the other surrounding facts and circumstances, reasonable minds might well differ as to whether or not he was guilty of contributory negligence at the time of his injury.

Appellee contends that Hernandez was a trespasser at the time he was injured. We overrule this contention. Under the evidence introduced and the stipulations of the parties, the place where he was injured was at or near the intersection of Eagle Pass Avenue and Benavides Street. While that part of Eagle Pass Avenue occupied by the railroad track was not open to travel by vehicles, it was open to be used by pedestrians, and the same thing is true with reference to Benavides Street.

We overrule appellee's contention, that the finding of the jury that the failure of appellee's employees to keep a proper lookout was a proximate cause of appellant's injury, was not supported by the evidence. Again, we must view the evidence in the most favorable light to uphold, if we can, the jury's finding. Hulsey v. Patterson, Tex.Civ.App., 121 S.W.2d 509. As before stated, appellant crossed the tracks going in a westerly direction. He dropped his bread. He turned back east to pick it up, and in some manner fell on the track. While prone on the track, he discovered the approach of the train and tried to signal to the engineer to stop, but was unsuccessful. Appellee's engineer and fireman testified that the train was moving slowly and that if they had seen the boy on the track the train could have stopped within the length of a box car. Both admitted that they occasionally looked back at the train, and at such times they were not looking ahead. With Hernandez on the track under the circumstances related by him, it was reasonable to conclude that the engineer and fireman could have discovered him in time to have stopped the train, if they had been keeping a proper lookout. The headlight of the train was burning. Accordingly, the jury's finding that their negligence in failing to keep a proper lookout was a proximate cause of appellant's injury was supported by the evidence and should not here be set aside.

Appellee has not briefed his cross-assignments of error and therefore they can not be considered by this Court.

The judgment of the trial court is reversed and judgment is here rendered for appellant against appellee for damages in the sum of $5,000, together with interest and costs of this Court and the court below.

SMITH, C. J., absent.