Jose C. RODRIGUEZ, a/k/a Joe C. Rodriguez, Appellant,

v.

Jon HOLMSTROM, d/b/a Hill Country Car Center, Appellee.

No. 13367.

Court of Appeals of Texas, Austin.

Dec. 16, 1981.

Vincent J. Scanio, Jr., Scanio & Scanio, San Marcos, for appellant.

Thomas N. Bluntzer, Bartram, Reagan, Burrus & Dierksen, New Braunfels, for appellee.

PHILLIPS, Chief Justice.

This is an appeal of an equitable proceeding in the nature of a bill of review which set aside a judgment alleged to be voidable. The county court at law of Hays County granted the bill of review, set aside the prior default judgment, retried the cause, and entered a take-nothing judgment against both parties. From that judgment, the appellant perfected his appeal.

We reverse the judgment of the county court at law, render that appellee take nothing by his bill of review and award appellant attorney's fees.

The original suit, underlying this bill of review, was filed by appellant against appellee, on May 25, 1979, in the county court at law of Hays County. Appellant alleged that on or about July 17, 1978, he purchased a 1976 Ford Mustang from appellee. Appellant contended he was induced to acquire the automobile as a result of Holmstrom's representation the sale included a 12-month/12,000 mile warranty on the drivetrain. In February of 1979, after approximately 4,000 miles of usage, the transmission, a component of the Mustang's drivetrain, failed. On or about April 19, 1979, Mr. Rodriguez made written demand on Holmstrom to repair or replace the transmission in accordance with the warranty. Holmstrom, however, disputed the existence of a warranty and refused to effect repairs.

Suit was instituted and, following service, settlement negotiations between Holmstrom and Rodriguez's attorney commenced. Appellant alleges these culminated in an agreement on June 7, 1979, under which Holmstrom agreed to pay Rodriguez $250 in cash and to reimburse a mechanic for necessary repairs to the drivetrain.

In any event, Holmstrom did arrange for the repair of the vehicle and, on the morning of June 15, 1979, telephoned Mr. Rodriguez to come take delivery of the Mustang. Upon Mr. Rodriguez's arrival, Holmstrom produced an instrument for his signature purporting to release Holmstrom and Hill Country Car Center from any *further* liability. Rodriguez, whose command of the English language was stipulated as "very poor," signed the release but later testified at the bill of review hearing Holmstrom had demanded his signature as a prerequisite to the "release" of the automobile. Despite his interested party status, Holmstrom himself notarized the document.

Later in the afternoon of June 15, 1979, Holmstrom telephoned Rodriguez's attorney and informed him of the purported release, to which the attorney responded that he considered the release ineffective. Subsequently, on June 19, 1979, no answer or

affirmative defense of release being filed by Holmstrom, Rodriguez obtained a default judgment.

Holmstrom freely admits he received proper notice of the judgment within seven to ten days of the signing thereof and that he became aware, within 30 days after the judgment was signed, that abstracts of judgment had been filed against him in at least two counties. These judgments had either postponed or frustrated the sale of certain tracts of land owned by him. Throughout the following weeks and months, Mr. Holmstrom was inundated with post-judgment interrogatories, letters, questionnaires, and finally motions for receivership. Eventually, Holmstrom did seek counsel and on February 14, 1980, filed suit against Rodriguez for breach of the release, and by subsequent amendment, sought a bill of review for the prior judgment.

The county court at law granted the bill of review, and, following a new trial on the merits, entered a take-nothing judgment against both parties.

Appellee Holmstrom failed to present by cross-points any error in the trial court's take-nothing judgment on the breach of "contractual" release suit and therefore that issue is not before the court. *Sudderth v. Howard*, 560 S.W.2d 511 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); accord, *Jara v. Thompson*, 223 S.W.2d 941 (Tex.Civ. App.—San Antonio 1949, writ ref'd) (under former Tex.R.Civ.P. 418 sub. (c)).

■ A bill of review is an independent action of an equitable nature brought by a party to a former action which seeks to set aside prior judgment which is not void on the face of the record and which has become final by reason of the expiration of the periods allowed for a motion for new trial or appeal. Tex.R.Civ.P. 329b(5); *Sanders v. Jefferson*, 599 S.W.2d 663 (Tex. Civ.App.—Texarkana 1980, writ dism'd); *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex. 1975); 4 R. McDonald Texas Civil Practice § 18.24 (1971).

■■ Public policy favors the finality of judgments, and, therefore, the movant for a bill of review has the burden to plead and prove, by a preponderance of the evidence, the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or, through reliance on an error or mistake of an official court functionary in the discharge of his official duties,[1] either circumstance being unmixed with any fault or negligence on the part of the movant. If the aforegoing burden is met, the movant is further required to present *prima facie* proof of a meritorious defense to the original action, after which the burden of persuasion will rest upon the original plaintiff to prove his cause of action by a preponderance of the evidence. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979), (citing and qualifying *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950)).

■ We find, as a matter of law, Holmstrom failed to exercise that degree of diligence required in the pursuit of equitable relief. It is not the purpose of a bill of review to relitigate issues decided in a former case, and the fact the court may have committed error in the trial of a cause or that an erroneous judgment has been entered is not grounds for granting the bill. A court of equity will not set aside the judgment in a former action when the failure to have a full and fair presentation of

---

1. Holmstrom, who had consulted a local justice of the peace prior to the execution of the "release," alleged he had reasonably relied on "erroneous official information given by an official court functionary" which prevented the timely filing of a motion for new trial.

A justice of the peace is not an official court functionary of the county court at law and cannot, therefore, supply erroneous official information under the *Baker v. Goldsmith* qualification of *Alexander v. Hagedorn, infra.* Her

duties are totally unrelated to the machinations of the county court nor do they include the dispensation of legal advice. See also *Buckler v. Tate*, 572 S.W.2d 562 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Thomason v. Freberg*, 588 S.W.2d 821 (Tex.Civ.App.—Corpus Christi 1979, no writ). Compare *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App.—Dallas 1979, writ dism'd) (reliance on an official for information not within his duties).

the case therein resulted from the negligence, inadvertence or mistake of either the party seeking relief or his counsel. *Jarrett v. Northcutt*, 592 S.W.2d 930 (Tex.1979); *Johnson v. Potter*, 384 S.W.2d 747 (Tex.Civ. App.—Tyler 1964, no writ); *Metropolitan Life Insurance Co. v. Pribble*, 130 S.W.2d 332 (Tex.Civ.App.—Fort Worth 1939, writ ref'd).

■ Holmstrom was fully aware Rodriguez's attorney disputed the validity of the purported release, yet he failed to file an answer, contending he believed the disputed release excused his duty to answer appellant's lawsuit. He consulted with his attorney prior to the time suit was instituted but failed to apprise him of the judgment taken or to inquire as to its significance. He received prompt notice from the clerk concerning judgment but sought neither a new trial nor an appeal. Rodriguez immediately began a series of post-judgment proceedings to collect his award and still Holmstrom did nothing. The appellee, who had been in business seven or eight years, was aware abstracts of judgment were on file in several counties within thirty days of judgment, as the abstracts were delaying the sale of certain property he owned, and yet he delayed some nine months before instituting legal action. Had appellee sought legal advice promptly upon receiving notice of judgment, his claimed meritorious defense could have been raised by way of motion for new trial. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). Holmstrom exercised none of the diligence required and is not, therefore, entitled to equitable relief by way of a bill of review.

In light of our finding the bill of review was improperly granted, it is not necessary that we address the sufficiency of the release issue, or the warranty issue except as they pertain to the issue of attorney's fees and costs.

2. § 17.50 provided, in pertinent part:
"(a) A consumer may maintain an action if he has been adversely affected by any of the following:
(1) the use or employment by any person of an act or practice declared to be unlawful by Sec. 17.46 of this sub-chapter;
(2) breach of an express or implied warranty;

In addition to the appellant's original award of $795 in damages, interest and costs, which was credited with the $175 payment, attorney's fees were conferred.

The appellant's purchase of the vehicle, the transmission failure, the warranty dispute, and the resulting judgment all occurred prior to the effective date of the 1979 Deceptive Trade Practices Act amendments. Suit was had, therefore, under the Deceptive Trade Practices Consumer Protection Act Tex.Laws 1973, ch. 143, § 17.50 at 326–327, *as amended by* Tex.Laws 1977, ch. 216, § 17.50 at 603.[2]

Appellant Joe Rodriguez was a "consumer" for the purposes of sections 17.45(1), (2), and (4) and 17.50 of the Deceptive Trade Practices Act. It was properly alleged he was adversely affected. Written demand was made upon the appellee, who in turn failed to plead or prove a defense under section 17.50B. Finally, appellant's cause of action for treble damages, costs and attorney's fees matured prior to the commencement of repairs.

■ Once the predicate for statutory attorney's fees is laid, one looks to the particular requirements under the Act. Attorney's fees under the Deceptive Trade Practices Act have never been allowable without a showing of actual damages; Hawkins, "Breach of Warranty and Treble Damages under the Texas Deceptive Trade Practice & Consumer Protection Act," 28 Baylor L.Rev. 395 (1976). However, to treble the estimated cost of repair to the vehicle and then to subtract the actual repair price is neither an improper method of damages computation nor does it fail to establish the actual damages required for an award of attorney's fees. *Providence Hospital v. Truly*, 611 S.W.2d 127 (Tex.Civ.App.—Waco 1980, writ dism'd).

(3 and 4 have been omitted)
(b) In a suit filed under this section, each consumer who prevails may obtain:
(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended"
(2, 3, 4 & C have been omitted).

Although the language of the Act provides for attorney's fees "reasonable in relation to the amount of work expended" at the trial level, it has been interpreted to authorize payment of attorney's fees on appeal as well. *Volkswagen of America, Inc. v. Licht,* 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ). The court in *Volkswagen* reasoned, as the statute does not in any way limit "the amount of work expended," the Legislature intended to include *all* work expended. Logically, if all work expended is included, "then it must necessarily include the work expended on appeal, since that work is just as essential to the recovery as is the work in the trial court," *supra* at 496. Accord, *Chrysler-Plymouth City, Inc. v. Guerrero,* 620 S.W.2d 700 (Tex. Civ.App.—San Antonio 1981, no writ); *Chrysler Corporation v. Schuenemann,* 618 S.W.2d 799 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). *Cf. International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.1971). (Statutory attorney's fees under the Texas Insurance Code.)

Appellant, in the original Deceptive Trade Practices suit, obtained a default judgment which provided, in addition to treble damages, for the recovery of $2,280 in attorneys fees, with a credit of $1,500 should the defendant forego appeal of the judgment.

■ The issue raised is whether the appellee's institution of a bill of review and the appellant's subsequent appeal of the granting of the bill can be considered an "appeal" for the purposes of awarding the attorneys fees allocated by the original default judgment.

In Roman law, to appeal was to resort to court. Ballentine's Law Dictionary 82 (3rd ed. 1969). Today, an appeal incorporates "any form of appellate review other than by one of the extraordinary writs." 4 Am. Jur.2d Appeal & Error § 2 (1962). While the word "appeal" has a strict technical definition, it is frequently used as embracing all kinds of proceedings for the review of causes. 1 Bouviers' Law Dictionary, 209 (3rd ed. 1914).

The English Court of Chancery was imbued with jurisdiction in equity and the method by which review was obtained in that court was termed an "appeal." Black's Law Dictionary 428 (4th ed. 1968). A bill of review is the equitable procedure for appeal of a judgment.

Although the mechanics of an appeal, a writ of error, and a bill of review are dissimilar, all three constitute "direct attacks" upon a judgment. 4 R. McDonald, Texas Civil Practice § 18.24 (1971).

Texas courts have long recognized a writ of error constitutes a method of "appeal." *White v. Taylor,* 11 S.W.2d 374 (Tex.Civ. App.—Beaumont 1928), *rev'd on other grounds*; 36 S.W.2d 181 (Tex.1931); *Scaling v. Williams,* 284 S.W. 310 (Tex.Civ.App. —Fort Worth 1926, no writ); *Martin v. Martin,* 229 S.W. 695 (Tex.Civ.App.—Austin 1921, no writ); *Eppstein & Co. v. Holmes & Crain,* 64 Tex. 560 (1885); *Magee v. Chadoin,* 30 Tex. 644 (1876).

The right to appeal by writ of error is viewed as existing by virtue of the common law and, where omitted by statute, it has been held not to be repealed or revoked. *Hofheinz v. Wilson,* 281 S.W. 273 (Tex.Civ. App.—Austin 1926, no writ); *Humble Oil & Refining Co. v. Andrews,* 279 S.W. 300 (Tex. Civ.App.—Eastland 1925, no writ).

Accordingly, a bill of review has been deemed to be in the nature of a writ of error; *Rogers v. Searle,* 533 S.W.2d 433 (Tex.Civ.App.—Corpus Christi), *rev'd on other grounds,* 544 S.W.2d 114 (Tex.1976), and both writs of error and bills of review have been demarcated as methods of appeal. In fact, an "appeal," by writ of error or a bill of review to set aside the judgment, is the *exclusive* method by which a default judgment may be vacated or set aside. *Surety Insurance Co. v. State,* 514 S.W.2d 454 (Tex.Cr.App.1974), citing, *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961).

We hold the term "appeal," as employed in the appellant's default judgment, necessarily encompassed consideration of that judgment by way of a bill of review. The

attorney's fees decreed therein are hereby confirmed.