Axelrod 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-166-CV




AXELROD R & D, INC. AND MICROWASTE NATIONAL CORPORATION,



 APPELLANTS


vs.





FRANK T. IVY,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,



NO. 209,735, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 




 The question presented in this appeal is whether Axelrod R & D, Inc. and
Microwaste National Corporation are entitled to a bill of review to set aside a default judgment. 
The trial court denied the bill of review in a summary-judgment proceeding. We reverse the
judgment of the trial court and remand for further proceedings on the bill of review.



BACKGROUND


 In October 1990, Frank Ivy brought suit against Axelrod R & D and Microwaste
to recover on a promissory note. Ivy served process on Richard Donelly, who is a board member
of Microwaste, but is not the president, vice president, or registered agent of either corporation. 
Neither Axelrod R & D nor Microwaste filed an answer or appeared at trial, and on November
15, 1990, the trial court rendered default judgment against both corporations. In order to satisfy
the judgment, the Travis County constable executed on a patent owned by Burton Axelrod. The
constable set September 3, 1991, as the date for the sale of the patent.

 On August 30, 1991, approximately nine months after the trial court rendered
default judgment against them, Axelrod R & D and Microwaste filed a petition for bill of review
and sought a restraining order to prevent the sale of the patent. The trial court granted the
temporary restraining order. The corporations then filed a motion for summary judgment on
November 12, 1991, requesting that the trial court declare the default judgment rendered in the
original suit null and void. Ivy filed a cross motion for summary judgment, urging the trial court
to uphold the default judgment because Axelrod R & D and Microwaste had not proved that they
were entitled to a bill of review. On December 19, 1991, the trial court rendered summary
judgment in favor of Ivy and denied summary judgment to Axelrod R & D and Microwaste, who
now appeal.



DISCUSSION


 In their first two points of error, Axelrod R & D and Microwaste contend that the
trial court erred in granting Ivy's motion for summary judgment and denying their motion. They
assert that because they were not served with citation in the original suit, the trial court lacked
jurisdiction to render default judgment and the judgment is therefore void as a matter of law. 
Alternatively, Axelrod R & D and Microwaste argue in their third point of error that the trial
court erred in granting summary judgment for Ivy because a fact issue exists as to whether
Axelrod R & D and Microwaste acted diligently in having the default judgment set aside.

 Ivy concedes that because he served a person who is not the president, vice
president, or registered agent of either corporation, he failed to serve process on Axelrod R & D
and Microwaste in compliance with the Texas Business Corporations Act. See Tex. Bus. Corp.
Act Ann. art. 2.11 (1980) (specifying the method for serving corporations). He argues, however,
that Axelrod R & D and Microwaste had constructive notice of the litigation pending against them
and that they were fully aware of the subsequent default judgment because Donelly had advised
the corporations' president of both matters. Ivy asserts that this Court need not determine whether
the default judgment is void because Axelrod R & D and Microwaste failed to meet the
requirements of an equitable bill of review and the default judgment therefore is final.

 We believe instead that the issue for this Court's consideration is the threshold
question of whether, within the context of a summary judgment proceeding, one of the parties has
proved or disproved as a matter of law that Axelrod R & D and Microwaste are entitled to an
equitable bill of review.



A.  Bill of Review.

 A bill of review is an independent equitable action to set aside a judgment that is
no longer appealable or subject to a motion for new trial. Transworld Fin. Serv. Corp. v. Briscoe,
722 S.W.2d 407, 407 (Tex. 1987); Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). 
Before a petitioner can invoke a bill of review, he ordinarily must plead and prove: (1) a
meritorious defense to the cause action alleged to support the judgment; (2) which the petitioner
was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3)
unmixed with any fault or negligence on the petitioner's part. Id. at 406-407; Alexander v.
Hagedorn, 226 S.W.2d 996 (Tex. 1950).

 The courts have relaxed these requirements in instances where the party petitioning
for the bill of review seeks to set aside a default judgment on the basis that he was not served with
process. Under that circumstance, the petitioner need not prove the requirement of fraud, accident
or wrongful act of the opposite party, Texas Indus., Inc. v. Sanchez, 525 S.W.2d 870 (Tex.
1975), or that he had a meritorious defense. See Peralta v. Heights Medical Center, Inc., 485
U.S. 88 (1988); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).

 Because Ivy concedes that he did not properly serve process on Axelrod R & D and
Microwaste, they are entitled to a bill of review if they can demonstrate that they were free from
fault or negligence in letting the judgment be taken. This requirement not only encompasses
whether a petitioner was negligent in allowing the trial court to render default judgment against
him, but also whether he exercised due diligence in availing himself of all legal remedies against
the former judgment. See Magan v. Hughes Tele. Network, Inc., 727 S.W.2d 104, 105 (Tex.
App. 1987, no writ); Carroll v. Carroll, 580 S.W.2d 410, 412 (Tex. Civ. App. 1979, no writ). 
One who has neglected to pursue an alternative legal remedy such as a motion for new trial, an
appeal, or a writ of error is not entitled to seek equitable relief by way of bill of review. See Rizk
v. Mayad, 603 S.W.2d 773, 776 (Tex. 1980); National Bank v. First Nat'l Bank, 682 S.W.2d
366, 369 (Tex. App. 1984, no writ); Mackay v. Charles W. Sexton Co., 469 S.W.2d 441, 445
(Tex. Civ. App. 1971, no writ).



B.  Summary Judgment.

 We must now consider whether the trial court properly rendered summary judgment
denying Axelrod R & D and Microwaste a bill of review. In reviewing a summary judgment, this
Court must determine whether the movant has shown that there is no genuine issue of material fact
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. Ann. 166a(c) (Supp. 1992);
Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). We take as true
all evidence favoring the non-movant and indulge every inference and every doubt in the non-movant's favor. Id. at 548-49. As noted, both parties moved for summary judgment in this
cause. Since the trial court rendered judgment in favor of Ivy, Ivy had the burden of proving as
a matter of law that Axelrod R & D and Microwaste were not entitled to a bill of review.

 The summary-judgment evidence consists primarily of the affidavits of Richard
Donelly, Lydia Axelrod, and Burton Axelrod, who is the president of both Axelrod and
Microwaste. In these affidavits, the parties attempt to establish when Donelly contacted Burton
Axelrod with news of the pending lawsuit and the default judgment. Donelly and Burton Axelrod
agree that shortly after Ivy filed the lawsuit against Axelrod and Microwaste, Donelly informed
Burton Axelrod of the matter. However, the affidavits present conflicting evidence regarding
when Burton Axelrod learned that the trial court had rendered default judgment against Axelrod
R & D and Microwaste.

 Axelrod R & D and Microwaste rely on Burton Axelrod's affidavit, in which he
states that he first learned of the default judgment in August 1991 when he received a copy of the
execution from the Travis County Constable's office. Donelly states in his affidavit that he
personally notified Burton Axelrod immediately upon learning that the trial court had rendered
judgment against Axelrod R & D and Microwaste. Thus, it is unclear from the record whether
Burton Axelrod had the opportunity to use a legal remedy other than this bill of review to set aside
the default judgment against Axelrod R & D and Microwaste.

 Ivy argues that it is irrelevant that the record contains conflicting evidence about
whether Axelrod R & D and Microwaste acted diligently in seeking to have the default judgment
set aside. Instead, he argues that Axelrod R & D and Microwaste were negligent as a matter of
law because they had actual notice of the lawsuit and failed to respond. We disagree. In Wilson
v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990), the Texas Supreme Court considered whether actual
notice to a defendant without proper service is sufficient to convey upon the court jurisdiction to
render default judgment. The court concluded that jurisdiction requires citation being issued and
served in a manner provided for by law, and that absent service, waiver, or citation, mere
knowledge of a pending suit does not place any duty on a defendant to act. Id. at 836-37. We
conclude from Wilson that Axelrod R & D and Microwaste cannot be negligent as a matter of law
for failing to act where they had no duty to do so.

 The record presents an obvious fact issue regarding when Burton Axelrod learned
of the default judgment against these corporations. This issue goes directly to whether Axelrod
R & D and Microwaste met the essential bill-of-review element that they were "free from fault
or negligence." Negligence is a question for the jury when facts are such that the jury could draw
an inference either way. Lyons v. Paul, 321 S.W.2d 944, 950 (Tex. Civ. App. 1958, writ ref'd
n.r.e.). The trial court erred when it rendered summary judgment in this cause. Accordingly,
we sustain point of error number three.

 Because we cannot determine whether Axelrod R & D and Microwaste are entitled
to a bill of review, we cannot reach the issue of whether the default judgment should be set aside. 
Thus, we conclude that the third point of error is dispositive of the summary-judgment issues
presented in this cause.



C.  Motion to Modify.

 In a fourth point of error, Axelrod R & D and Microwaste contend that the trial
court erred in granting Ivy's motion to modify the judgment in this cause. That modification
changed the judgment to grant attorney's fees to Ivy in the event of an appeal.

 A party has within thirty days of the time a judgment is signed to file a motion to
modify, correct, or reform the judgment. Tex. R. Civ. P. Ann. 329b(a) & (g) (Supp. 1992). The
district judge signed the judgment in this cause on December 19, 1991. Ivy filed his motion to
modify the judgment on January 27, 1992, and the trial court granted the motion. Thus, the trial
court granted a motion that was filed outside of the time allowed by rule 329b.

 Ivy does not contest appellants' position regarding the effect of the motion to
modify. However, he counters that he is entitled to attorney's fees because the original default
judgment rendered in 1990 grants him $2,500 for each level of appeal. Ivy relies in part on
Rodriguez v. Holmstrom, 627 S.W.2d 198, 202 (Tex. Civ. App. 1981, no writ), in which this
Court considered whether attorney's fees are available to a defendant in a bill-of-review
proceeding if the default judgment in the underlying cause of action allocated attorney's fees for
subsequent appeals. This Court held that the term "appeal" as employed in a default judgment
necessarily encompassed consideration of that judgment by way of bill of review. Id. at 202-203.

 We stress, however, that the question presented in this appeal is not whether Ivy
is entitled to attorney's fees under the terms of the original default judgment, but whether the trial
court correctly modified the judgment in the present cause. We conclude that the trial court erred
in granting a motion that was filed outside of the time allowed by rule 329b. Accordingly, we
sustain this point of error.


 

DISPOSITION


 We reverse the judgment of the trial court and remand the cause for further
proceedings on the bill of review. 



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded

Filed: August 26, 1992

[Publish]